Abby Sullivan Engen (SBN 270698)
asullivanengen@centrolegal.org
CENTRO LEGAL DE LA RAZA
3400 E. 12th Street
Oakland, CA 94601
Telephone: (510) 244-4312

*Attorneys for Petitioner*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Frescia Anthuane GARRO PINCHI,<br><br>Petitioner,<br><br>v.<br><br>POLLY KAISER, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security, PAMELA BONDI, Attorney General of the United States, acting in their official capacities,<br><br>Respondents. | CASE NO.   25-cv-05632<br><br>**DECLARATION OF BRAYAN SANTIAGO ROPERO CANO** |

I, Brayan Santiago Ropero Cano, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could testify truthfully to those facts. Where I do not have personal knowledge, I believe and am informed for the following information to be true.

2. I live with and am very close with Ms. Garro Pinchi, the petitioner in this case. She and I are the closest relationship each of us have in the United States. We have lived together for around two years and have been a constant source of mutual closeness and support for each other. For example, I was the person who took care of her after her two surgeries this year and looked after through all of her health challenges. We have shared all of the stories and details about our experiences having to flee from our homes due to persecution, and we have accompanied each other to our immigration check-ins and hearings. She was by my side when I was granted my asylum by the United States government. She is the person I turn to for comfort and support and that is what I strive to be for her too.

3. Because of our close relationship, I can affirm that she has medical conditions and a medication regimen that necessitate her immediate release from ICE custody.

4. First, Ms. Garro Pinchi has recently been operated on for a vaginal tumor. She continues to be monitored to prevent relapse. My understanding is that a recurrence of the growth of this tumor would be life threatening which is why we monitor her closely and ensure that her vaginal PH remains stabilized multiple times each day.

5. Ms. Garro Pinchi also has a severe generalized anxiety disorder, clinical depression, and PTSD. These conditions require that she take medication every 8 hours. She is currently detained without access to her medication, which is at our home. When she is without her medication, she struggles from severe and unrelenting migraines all throughout the front and back of her head in addition to trembling and cramping in her hands and feet. She wakes up from night terrors in the middle of the night at least two times per week screaming and unable to breathe, often jumping out of the bed due to fear and anxiety. Enclosed spaces

DECLARATION OF BRAYAN SANTIAGO ROPERO CANO
CASE NO. 25-cv-05632

exacerbate her anxiety disorder and her symptoms, and it is medically impossible for her to survive in an enclosed space such as a detention center without access to her medication.

6. In addition to melatonin, which she takes nightly in order to sleep, she also takes an anti-depressant and anti-anxiety medication called Imipramine every 8 hours. She started taking this medicine after her anxiety and depression symptoms spiraled out of control. She was losing her hair, her stomach was in such severe pain that she couldn't keep down food, she could not sleep at all at night and instead would awake screaming with night terrors. She also could not regulate her breathing and suffered from panic attacks that exacerbated her asthma. In order to treat the symptoms, she started taking Impiramine and this medicine is necessary in order to manage the symptoms. After just a few hours in ICE custody she was already experiencing physical withdrawal symptoms including heart palpitations, shakes, and shortness of breath.

7. She also has a condition called helicobacter pylori, a stomach bacteria that can cause stomach cancer and peptic ulcers. This is why she has to maintain a strict dietary regimen as prescribed by a medical doctor. When she was detained, she had not yet eaten breakfast and it is my understanding that she was not provided with a nutritious meal all day. Drastic changes to her diet will undoubtedly exacerbate her helicobacter pylori condition.

8. She also has gastritis and as a result had to have an appendectomy last year.

9. Finally, she also suffers from asthma, a condition that intensifies in moments when her anxiety disorder is exacerbated and when she is unable to access her medication due to the ensuing inability to regulate her breathing.

10. Ms. Garro Pinchi has had two significant operations in the past year alone and is in fragile condition. She has tremendous health challenges that require constant monitoring, care, dietary restriction, and medication. If she continues to be detained without access to her medication, her life will be at risk.

11. Additionally, Ms. Garro Pinchi has no criminal history whatsoever. I know this with certainty because I helped her to upload documents attesting to the fact that she has no criminal history; I read through these documents, which included a certificate issued by her

DECLARATION OF BRAYAN SANTIAGO ROPERO CANO
CASE NO. 25-cv-05632

home country attesting to the fact that she has never committed a crime in Peru. I reviewed and supported her in uploading these documents when I was helping her with a legal process she was undergoing to request that the biological father of her daughter provide child support and contributions to the cost of food and schooling of her daughter.

12. Ms. Garro Pinchi has always complied with the U.S. immigration laws. We have both shared with each other our stories of fleeing persecution from our native countries. When she told me her story, she told me that when she first came to the U.S., she was in the custody of immigration officials for about one and a half days. She also told me that when she was released, she was not released with an ankle shackle. She was released only with the paperwork that was provided to her by immigration authorities, including documents that dictated that she would have court appointments with a judge. Since her release, she has moved two times, and has filed the necessary change-of-address paperwork both times. I also witnessed that she never missed any of her court dates.

13. In addition, Ms. Garro Pinchi is the sole provider for her entire family: her mother, her 7-year-old daughter, and several relatives who still live in Peru. Her mother has diabetes and is fully dependent on Ms. Garro Pinchi. Her mother is only able to access insulin and maintain her diet and health because Ms. Garro Pinchi's financial support. Her daughter is also fully dependent on her for food and care; there is no financial or other support whatsoever from the biological father or any other family member. Her mother and daughter rely on her release to be able to survive.

14. Ms. Garro Pinchi is employed by Multistream Service, which is owned by the same company that I work for as well, ABM. She works 40 hours per week. This work sustains her entire family and her job is also essential to maintaining several large building spaces functional for usage. She is extremely committed to her job and she relies on this job to survive and to keep her mother, daughter, and relatives sustained and alive as well. She was recognized as the employee of the month this past month and is deeply respected and esteemed by our managers and coworkers for her consistency and dedication.

DECLARATION OF BRAYAN SANTIAGO ROPERO CANO
CASE NO. 25-cv-05632

15. Finally, she has a beautiful community here in the Bay Area. We go together to church in San Jose (the Latin American United Pentecostal Church or "IPUL" as it is known by its Spanish language acronym) during the weekend. She is a beloved member of the church community and our pastor and other members of the church have been contacting me to express worry about her ever since she was detained yesterday. She is also a beloved neighbor, and since she has been detained, our neighbors have been asking about her and are deeply worried. We have attended class at Bayanihan Boxing, and when she was detained yesterday, the coach and all of the students in the class were worried and anxious about how they could help and are trying to figure out urgently where she is. She has formed deep ties with so many people in the Bay Area who care deeply for her, and I am sure that if she is freed, she will continue to live with me and will comply with all the legal requirements necessary for her to continue to pursue her asylum case in the United States.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 4, 2025.

Brayan Santiago Ropero Cano

I, Ariel Koren, declare under penalty of perjury that I am competent to interpret between English and Spanish, and I read the foregoing declaration to Brayan Santiago Ropero Cano in the Spanish language, and he affirmed its contents to be true..

Executed on July 4, 2025.

Ariel Koren

DECLARATION OF BRAYAN SANTIAGO ROPERO CANO
CASE NO. 25-cv-05632