1 | Abby Sullivan Engen (SBN 270698)
  | asullivanengen@centrolegal.org
2 | CENTRO LEGAL DE LA RAZA
  | 3400 E. 12th Street
  | Oakland, CA 94601
3 | Telephone: (510) 244-4312

4 | *Attorney for Petitioner*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Frescia Anthuane GARRO PINCHI, | CASE NO. 25-cv-05632 |
| Petitioner, | **DECLARATION OF ABBY SULLIVAN ENGEN** |
| v. | |
| POLLY KAISER, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security, PAMELA BONDI, Attorney General of the United States, acting in their official capacities, | |
| Respondents. | |

I, Abby Sullivan Engen, declare:

1. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could testify truthfully to those facts.

2. I am a co-directing attorney of the Immigrants' Rights program at Centro Legal de la Raza ("Centro Legal") and counsel of record in this action. I submit this declaration pursuant to Civil L.R. 65-1(b).

**My Efforts to Speak to My Client on July 3, 2025**

3. On July 3, 2025, I was contacted by Ariel Koren, a volunteer with Centro Legal and director of a nonprofit organization providing language interpretation and translation services. Ms. Koren informed me that a friend she had been accompanying to the San Francisco Immigration Court was just arrested by Immigration and Customs Enforcement ("ICE") officers upon exiting her master calendar hearing, a routine hearing in immigration court. The person who had just been arrested is the Petitioner in this action, Frescia Anthuane Garro Pinchi. I advised Ms. Koren to accompany Petitioner to the ICE office on a different floor of the same building.

4. Ms. Koren contacted me from the ICE office and provided me Petitioner's name and copies of her immigration-related documents. Through these documents I confirmed that Petitioner is alleged by the Department of Homeland Security ("DHS") to have arrived in the United States on April 14, 2023. The address listed on her Notice to Appear in immigration court is a San Jose, California address, meaning when she was released from DHS custody shortly after arriving in the U.S., she was released to San Jose, California. I further confirmed that she filed her Form I-589, Application for Asylum, before the San Francisco Immigration Court on April 26, 2024.

5. I promptly completed a Form G-28, Notice of Entry of Appearance before the Department of Homeland Security, along with a skeletal letter requesting that ICE release Petitioner.[1]

---

[1] It is ICE's practice to not allow an attorney to speak to a detainee unless the attorney first enters

6.  My understanding is that Ms. Koren and another individual named Matthew Bridges were speaking to Petitioner through a window that separated them. While on the phone with Ms. Koren for the greater part of roughly three hours, I learned that Petitioner suffers from several serious medical conditions, and that her life is at risk if she does not receive regular medication, monitoring, and a doctor-prescribed dietary regimen. Via Ms. Koren's phone, which she put on speakerphone and held the phone to the window, Petitioner consented to my representation, both before ICE in connection with a release request, and before this Court in connection with a habeas corpus petition. That petition was filed yesterday, July 3, 2025.

7.  At 12:48 p.m., pursuant to ICE-San Francisco's standard practice, I submitted my entry of appearance by email to SanFrancisco.Outreach@ice.dhs.gov, along with the aforementioned release request. It is my understanding that Mr. Bridges printed copies of the entry of appearance and release request and physically handed them to an ICE officer. I followed up with another email at 1:30 p.m. attaching the filed habeas petition.

8.  For the next two to two-and-a-half hours, I made repeated efforts to secure a phone call with Petitioner and asked that an ICE representative contact me before initiating any transfer to a detention facility. At one point Ms. Koren's phone was on speakerphone such that an officer and I could hear each other, and I requested a phone number at which to contact him (or in the alternative for him to contact me). I stated that a habeas petition had been filed, requested that Petitioner not be transferred out of the Northern District of California, and emphasized Petitioner's medical conditions. While the officer acknowledged the words I had spoken, at no point did he or any other officer agree to speak to me or attempt to contact me. Around 4:00 p.m. I learned from Ms. Koren that ICE had closed for the day and no one would be available to speak to her or to me the remainder of the day. As of the filing of this

---

their appearance—and even then, it is often exceedingly difficult to secure a phone call with a client who is in ICE custody. Therefore, in order to obtain a detainee's consent to represent them before ICE, generally an attorney must first enter their appearance.

DECLARATION OF ABBY SULLIVAN ENGEN                                              3
CASE NO. 25-CV-05632

declaration, I do not know if Petitioner remains in a temporary holding cell in San Francisco or if she has been transferred to a detention facility.[2]

**Correspondence with Respondents' Counsel Regarding the Habeas Petition and Motion for TRO**

9. At 3:00 p.m. on July 3, 2025, I called Pamela Johann, Civil Chief of the San Francisco office of the U.S. Attorney for the Northern District of California. I informed Ms. Johann that I had filed a habeas corpus petition and would be effecting formal service, and that a motion for TRO would be forthcoming. I followed up with an email at 3:24 p.m. attaching the filed habeas petition and directing Ms. Johann to the paragraphs summarizing Petitioner's medical conditions.

10. Shortly after 1:00 p.m. today, July 4, 2025, I left Ms. Johann a voicemail informing her that I would be filing a motion for TRO this afternoon. I acknowledged that today is a holiday and I may not hear from her, but asked that she contact me by phone or email if she is in fact working today.

11. At roughly 5:30 p.m., I emailed Ms. Johann a copy of the final TRO motion stating it would be filed imminently. As of this filing, I have received no response.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 4, 2025.                    /s/ Abby Sullivan Engen
                                             Abby Sullivan Engen

---

[2] A search for Petitioner on ICE's detainee locator website (https://locator.ice.gov/odls/#/search) reflects that she is "in ICE custody", but next to "current detention facility" it simply instructs "call field office".