| | | |
|---|---|---|
| FRESCIA GARRO PINCHI, | ) | CASE NO. 25-cv-05632-RMI (RFL) |
| Petitioner, | ) | |
| v. | ) | **DECLARATION OF DEPORTATION OFFICER ANTHONY D. LAZALDE JR.** |
| KRISTI NOEM, et al., | ) | |
| Respondents. | ) | |

I, Anthony D. Lazalde Jr., make the following statements under oath and subject to the penalty of perjury:

1. I am a Deportation Officer (DO) with the United States Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), in the San Francisco Field Office. I have been employed with DHS since July 18, 2021, as a DO.

2. I am currently assigned to the Non-detained Unit, and my responsibilities include enforcing final orders of removal against aliens. This includes monitoring non-detained cases with removal orders, obtaining travel documents for aliens ordered removed, and effectuating the removal of aliens to their home countries.

3. I am familiar with the ICE policies and procedures governing the detention and removal of aliens who come into ICE's custody.

4. I am the DO assigned to the case of Frescia Garro Pinchi (GARRO PINCHI). The facts in this declaration are based on my personal knowledge, consultation with other DHS and ICE personnel, and review of official documents and records maintained by the agency and DHS and other relevant sources during the regular course of my duties. I provide this declaration based on the best of my knowledge, information, belief, and reasonable inquiry into the above-captioned case.

5. I have obtained and attached to my declaration true and correct copies of the following documents from the above-named Petitioner's case file and records maintained by DHS, which will be referenced as follows:

    Exhibit 1:  Form I-862, Notice to Appear (NTA), dated April 14, 2023.

    Exhibit 2: Form I-200, Warrant for Arrest of Alien, dated July 3, 2025.

    Exhibit 3: Form I-830, Notice to EOIR of Alien Address, dated July 3, 2025.

6. Plaintiff (GARRO PINCHI) is a native and citizen of Peru who entered the United States on or about April 14, 2023, without inspection, admission or parole. Exh. 1.

7. GARRO PINCHI was encountered in the Yuma, Arizona Border Patrol Sector near San Luis, Arizona after illegally entering from Mexico. Exh. 1.

8. GARRO PINCHI admitted to being a citizen and national of Peru without the necessary documents to enter, pass through, or to remain in the United States.

9. On April 14, 2023, GARRO PINCHI was released by DHS on her own recognizance and was issued a Notice to Appear placing her into removal proceedings before the Immigration Court, charging her with removability under section 212(a)(6) of the Immigration and Nationality Act (INA). Exh. 1.

10. GARRO-PINCHI's initial master calendar hearing was rescheduled by the Immigration Court. The respondent appeared at subsequent master calendar hearings, and she submitted an application for asylum on April 26, 2024.

11. GARRO-PINCHI reported to the San Francisco Immigration Court at 630 Sansome Street, 4th Floor, on July 3, 2025, for a master calendar hearing and DHS made an oral motion to the Immigration Court to dismiss GARRO-PINCHI's case and pursue expedited removal proceedings under section 235 of the INA.

12. The Immigration Judge gave the respondent thirty days to respond to DHS's motion to dismiss and continued the matter to another master calendar hearing on July 31, 2025.

13. After the master calendar hearing, and outside of the courtroom, two deportation officers and I identified ourselves as Immigration Officers and verified GARRO PINCHI's identity.

14. Once informed that she would be taken into custody, a friend who was present with GARRO PINCHI impeded the arrest by grabbing onto her. After the deportation officers were able to deescalate the situation by moving GARRO PINCHI to a holding room at 630 Sansome Street, I personally observed deportation officer Jarvin Li serve her with a Form I-200, Warrant for Arrest of Alien, which had been prepared and signed in advance, but had been impracticable to serve previously due to the danger posed by the commotion outside the courtroom. Exh. 2. Thereafter, we transferred her to the Mesa Verde ICE Processing Center in Bakersfield California, where she was detained pursuant to section 236(a) of the INA. Exh. 3.

15. On July 3, 2025, DHS filed an I-830 notifying the Immigration Court of the respondent's detention. Exh. 3.

16. On July 5, 2025, ERO released GARRO PINCHI from ICE custody pursuant to the July 4, 2025 temporary restraining order issued by the U.S. District Court for the Northern District of California in Case No. 25-cv-05632-RMI (RFL).

17. I declare, under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct to best of my knowledge, information, belief, and reasonable inquiry.

Dated: July 9, 2025

**ANTHONY D LAZALDE JR**
Digitally signed by ANTHONY D LAZALDE JR
Date: 2025.07.09 16:48:33 -07'00'

ANTHONY D. LAZALDE Jr.
Deportation Officer
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

# EXHIBIT 1

# DEPARTMENT OF HOMELAND SECURITY
## NOTICE TO APPEAR

In removal proceedings under section 240 of the Immigration and Nationality Act:

**Subject ID:** 384311559   **FINS #** ▮   **File No:** ▮
**DOB:** ▮

In the Matter of:
Respondent: FRESCIA ANTHUANE GARRO PINCHI   currently residing at:

▮   ▮

(Number, street, city, state and ZIP code)   (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of PERU and a citizen of PERU ;
3. You arrived in the United States at or near SAN LUIS, AZ , on or about April 14, 2023 ;
4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:   ☐ 8CFR 208.30   ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

100 MONTGOMERY ST., STE 800 SAN FRANCISCO CA 94104
(Complete Address of Immigration Court, including Room Number, if any)

on June 05, 2023   at   08:30 AM   to show why you should not be removed from the United States based on the
   (Date)         (Time)
charge(s) set forth above.

ARMANDO ALVAREZ
Acting/Patrol Agent in Charge

ARMANDO ALVAREZ
Date: 2023.04.14 ▮:▮:34 -07:00
0634210701.CBP

(Signature and Title of Issuing Officer) (Sign in ink)

Date: April 14, 2023

Yuma, Arizona
(City and State)

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/i-589. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the Internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

### Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before:

_____
(Signature of Respondent) (Sign in ink)

BORDER PATROL AGENT
(Signature and Title of Immigration Officer) (Sign in ink)

Date: 04/14/2023

### Certificate of Service

This Notice To Appear was served on the respondent by me on April 14, 2023, in the following manner and in compliance with section 239(a)(1) of the Act.

☒ in person  ☐ by certified mail, returned receipt # _____ requested  ☐ by regular mail
☐ Attached is a credible fear worksheet.
☒ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the _____SPANISH_____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_QAD_  JUAN L. QUEZADA, BORDER PATROL AGENT
(Signature of Respondent if Personally Served) (Sign in ink)

JUAN L QUEZADA
Date: 2023.04.14 09:40:21 -07:00
0103320153CBP
(Signature and Title of officer) (Sign in ink)

DHS Form I-862 (2/20)                                    Page 2 of 3

**Privacy Act Statement**

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.



U.S. DEPARTMENT OF HOMELAND SECURITY          Warrant for Arrest of Alien

File No. ___246 778 719___

Date: ___07/03/2025___

To: Any immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations

I have determined that there is probable cause to believe that ___GARRO PINCHI, FRESCIA___ is removable from the United States. This determination is based upon:

☐ the execution of a charging document to initiate removal proceedings against the subject;

☒ the pendency of ongoing removal proceedings against the subject;

☐ the failure to establish admissibility subsequent to deferred inspection;

☐ biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☒ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

YOU ARE COMMANDED to arrest and take into custody for removal proceedings under the Immigration and Nationality Act, the above-named alien.

_____
(Signature of Authorized Immigration Officer)

3602 RILI - SDDO
(Printed Name and Title of Authorized Immigration Officer)

**Certificate of Service**

I hereby certify that the Warrant for Arrest of Alien was served by me at ___630 Sansome St 4th flr San Francisco, CA 94111___ (Location)

on ___GARRO PINCHI, FRESCIA___ on ___7/3/2025, 0935___, and the contents of this
(Name of Alien)             (Date of Service)

notice were read to him or her in the ___SPANISH___ language.
                                       (Language)

___J. Li 4892___                    ___N/A___
Name and Signature of Officer    Name or Number of Interpreter (if applicable)

Form I-200 (Rev. 09/16)



DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## NOTICE TO EOIR: ALIEN ADDRESS

Event No: SFR2507000049

| | |
|---|---|
| Date: | July 3, 2025 |
| To: | Enter Name of BIA or Immigration Court I-830 |
| | Enter BIA or Immigration Court Three Letter Code@usdoj.gov |
| From: | Enter Name of ICE Office  SAN FRANCISCO, CA, DOCKET CONTROL OFFICE |
| | Enter Street Address of ICE Office  DOCKET CONTROL OFFICE SAN FRANCISCO |
| | Enter City, State and Zip Code of ICE Office  SAN FRANCISCO, CA |
| Respondent: | Enter Respondent's Name  GARRO PINCHI, FRESCIA |
| | Alien File No: Enter Respondent's Alien Number  ▇▇▇▇▇▇ |

This is to notify you that this respondent is:

☐ Currently incarcerated by federal, state or local authorities. A charging document has been served on the respondent and an Immigration Detainer-Notice of Action by the ICE (Form I-247) has been filed with the institution shown below. He/she is incarcerated at:

Enter Name of Institution where Respondent is being detained

Enter Street Address of Institution where Respondent is being detained

Enter City, State and Zip code of Institution where Respondent is being detained

**Enter Respondent's Inmate Number**

His/her anticipated release date is Enter Respondent's Anticipated Release Date.

☐ Detained by ICE on Enter Date Respondent was Detained by ICE at:  July 3, 2025

Enter Name of ICE Detention Facility where Respondent is being detained

Enter Street Address of ICE Detention Facility where Respondent is being detained

Enter City, State and Zip Code of ICE Detention Facility where Respondent is being detained

☒ Detained by ICE and transferred on Enter Date Respondent was transferred to:  July 3, 2025
Enter Name of ICE Detention Facility where Respondent has been transferred  MESA VERDE ICE PROCESSING CENTER
Enter Street Address of ICE Detention Facility where Respondent has been transferred  425 GOLDEN STATE AVE
Enter City, State and Zip Code of ICE Detention Facility where Respondent has been transferred  BAKERSFIELD, CA 93301

☐ Released from ICE custody on the following condition(s):
  ☐ Order of Supervision or Own Recognizance (Form I-220A)
  ☐ Bond in the amount of Enter Dollar Amount of Respondent's Bond
  ☐ Removed, Deported, or Excluded
  ☐ Other

Upon release from ICE custody, the respondent reported his/her address and telephone number would be:
Enter Respondent's Street Address

Enter Respondent's City, State and Zip Code

Enter Respondent's Telephone Number (including area code)

☒ I hereby certify that the respondent was provided an EOIR-33 Form and notified that they must inform the Immigration Court of any further change of address.

ICE Official: Enter Your First, Last Name and Title  DO E05959 ORTIZ-MARTINEZ

EOIR – 1 of 1

ICE Form I-830E (9/09)                                      Page 1 of 1