UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESCIA GARRO PINCHI, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KRISTI NOEM, et al.,<br><br>    Defendants. | Case No. 25-cv-05632-PCP<br><br>**ORDER TO SHOW CAUSE RE: MOTION TO SEVER**<br><br>Re: Dkt. No. 76 |

Plaintiff Frescia Anthuane Garro Pinchi initiated this action by filing a petition for a writ of habeas corpus to, among other things, compel her immediate release from detention by Immigrations and Customs Enforcement (ICE) and prohibit her re-detention unless ICE satisfied certain due-process requirements. Her original petition challenged her arrest and detention under the First, Fourth, and Fifth Amendments, as well as the Administrative Procedure Act (APA). After the Court granted preliminary injunctive relief to Ms. Garro Pinchi, she amended her original petition to add several new class claims under the APA seeking to vacate ICE's alleged policy of re-arresting and re-detaining noncitizens whom the agency had previously released. These claims were brought by not only Ms. Garro Pinchi but also two additional plaintiffs, who also seek individual habeas relief. The government now moves to sever the individual habeas claims from each other and from the class claims.[1] The government also requests that the severed claims be randomly reassigned among the courts in this district. For the reasons below, the Court

---

[1] The government also moves to dismiss certain of the claims in plaintiffs' amended complaint or, in the alternative, to transfer the class claims to the U.S. District Court for the District of Columbia or consolidate them with *Pablo Sequen v. Albarran*, No. 25-cv-6487-PCP. While the motion to sever is suitable for resolution without oral argument, *see* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b), the motions to dismiss, transfer, and consolidate are not. The Court therefore defers ruling on dismissal, transfer, and consolidation until after the January 22, 2026 hearing on those motions.

orders plaintiffs to show cause, by no later than 12:00 p.m. on Wednesday, December 17, 2025, why the motion to sever should not be granted.

## BACKGROUND

This action arises from ICE's alleged implementation of a new policy authorizing the re-detention of non-citizens whom ICE or other agencies within the Department of Homeland Security (DHS) had previously released after finding that the noncitizens did not pose a flight risk or threat to the public. Ms. Garro Pinchi alleges that, pursuant to this "re-detention policy," ICE agents arrested her as she was leaving the San Francisco immigration court on July 3, 2025 and detained her in a holding room. The same day, Ms. Garro Pinchi commenced this action by filing a petition for a writ of habeas corpus. The original petition sought, among other relief, Ms. Garro Pinchi's immediate release from custody and a permanent injunction prohibiting ICE from re-detaining her without prior notice and a hearing before a neutral arbiter at which ICE showed by clear and convincing evidence that she posed a flight risk or danger to the community. Ms. Garro Pinchi did not initially join or seek relief on behalf of any other individuals.

After this Court granted preliminary injunctive relief to Ms. Garro Pinchi, she filed an amended habeas petition and complaint as of right pursuant to Federal Rule of Civil Procedure 15(a)(1). The amended complaint added two new plaintiffs: Juany Galo Santos and Jose Teletor Sente. Like Ms. Garro Pinchi, Ms. Galo Santos and Mr. Teletor Sente asserted individual habeas claims seeking to prevent their re-arrest or re-detention by ICE. The amended complaint also included several new claims on behalf of a putative class and subclass represented by the named plaintiffs. Those claims seek to vacate ICE's alleged re-detention policy under the APA.

After filing a motion to dismiss the amended complaint, the government moved in the alternative to sever the class claims and each of the individual habeas claims into separate actions. The motion to sever also requested that the Court either transfer the class claims to the United States District Court for the District of Columbia or consolidate the class claims with *Pablo Sequen v. Albarran*, No. 25-cv-6487-PCP. The Court will resolve the motions to dismiss, transfer, and consolidate—all of which are set for hearing on January 22, 2026—in a separate order.

**LEGAL STANDARD**

Two rules govern joinder in this case: Federal Rules of Civil Procedure 18 and 20.

Rule 18 governs joinder of claims and authorizes "[a] party asserting a claim" to "join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). The rule "provide[s] for a liberal joinder of claims." *United States v. United Pac. Ins. Co.*, 472 F.3d 792, 794 n.5 (9th Cir. 1973). "Once parties are properly joined … as to a particular claim, additional claims, whether they are related or unrelated or they are by or against all or less than all of the parties may be joined under Rule 18(a)." 6A WRIGHT & MILLER'S FEDERAL PRACTICE AND PROCEDURE § 1585 (3d. ed. 2025).

Rule 20 governs the permissive joinder of parties. The rule permits multiple plaintiffs to join in one action if "(A) they assert any right to relief … with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Similarly, the rule provides that "[p]ersons … may be joined in one action as defendants" if (A) "any right to relief is asserted against them … with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (B) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see also League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977). The requirements for permissive joinder under Rule 20 are liberally construed to "promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe*, 558 F.2d at 917.

"Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). But to resolve concerns about misjoinder, the Court "may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." Fed. R. Civ. P. 21; *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). District courts are vested with broad discretion in deciding whether to grant severance. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000).

## ANALYSIS

The government asks the Court to sever plaintiffs' claims into four separate actions. Though the Court concludes that joinder of all claims and parties was proper under Rules 18 and 20, the Court orders plaintiffs to show cause why the Court should not exercise its discretion under Rule 21 to sever plaintiffs' claims into separate actions.

The addition of new claims and parties in the amended complaint comported with Rules 18 and 20. To understand why, start with Ms. Garro Pinchi's habeas claim, which was included in her original petition and which the government concedes is properly before the Court. Ms. Garro Pinchi asserted her habeas claim against defendants Kristi Noem, Pamela Bondi, Todd Lyons, and Polly Kaiser in their official capacities. Having done so, Ms. Garro Pinchi was permitted to include any other claims she has against those defendants pursuant to Rule 18(a), whether or not the claims were related to one another. *See* Fed. R. Civ. P. 18(a); 6A WRIGHT & MILLER'S FEDERAL PRACTICE AND PROCEDURE § 1585 (3d. ed. 2025). And in each of the class claims added to the amended complaint, Ms. Garro Pinchi sought relief from Secretary Noem, Attorney General Bondi, Mr. Lyons, and Sergio Albarran, who succeeded Ms. Kaiser as the director of ICE's San Franciso field office. Joinder of the class claims was therefore proper.

With the class claims properly added to Ms. Garro Pinchi's case, Rule 20(a) permitted her to join other individuals as plaintiffs and defendants on those claims if "(1) a right to relief [was] asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties [will] arise in the action." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). Those requirements are easily satisfied here.

As to the first requirement, "[t]he Ninth Circuit has indicated that the requirement of 'same transaction, occurrence, or series of transactions or occurrences' refers to the similarity in the factual background between" claims. *Jones v. CertifiedSafety, Inc.*, No. 17-cv-02229, 2019 WL 758308, at *4 (N.D. Cal. Feb. 20, 2019) (citing *Coughlin*, 130 F.3d at 1350). Rule 20's "same transaction" requirement "may comprehend a series of occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id.* (quoting *Mosley v.*

4

*Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). Here, in each class claim, Ms. Garro Pinchi and her fellow plaintiffs seek relief against all defendants relating to the same logically connected "transaction, occurrence, or series of transactions or occurrences": ICE's alleged implementation of the re-detention policy.

As to the second requirement, common questions will arise as to all plaintiffs and defendants joined in each APA claim regarding whether the alleged re-detention policy is arbitrary and capricious, contrary to noncitizens' constitutional rights under the Fourth Amendment, or in accordance with the Immigration and Nationality Act and other DHS policies. Joinder of the additional parties in the amended complaint was therefore proper under Rule 20(a).

Having been properly joined as plaintiffs with respect to Ms. Garro Pinchi's APA claims, Ms. Galo Santos and Mr. Teletor Sente were then permitted to "join, as independent or alternative claims, as many claims as [they] ha[d] against an opposing party." Fed. R. Civ. P. 18(a). As a result, they could properly join their individual habeas claims, which they asserted against Secretary Noem, Attorney General Bondi, Mr. Lyons, and Mr. Albarran, who were already properly parties with respect to the class claims.

Accordingly, all of the claims and parties added to the amended complaint were properly joined under Rules 18 and 20. The government nonetheless argues that the joinder of plaintiffs' individual habeas claims in the same action is per se improper due to the factual specificity of habeas claims, which may involve "allegations, defenses, evidence, or legal theories that are distinctly applicable to each petitioner." *Acord v. California*, No. 17-cv-01089, 2018 WL 347770, at *1 (E.D. Cal. Jan. 10, 2018). District courts in California take differing views on the propriety of joinder in habeas cases. *Compare, e.g.*, *Acord*, 2018 WL 347770, at *1 (noting that "permitting multiple petitioners to file a single habeas petition … generally is not permitted") *with Espinoza v. Kaiser*, No. 1:25-CV-01101, 2025 WL 2581185, at *9 (E.D. Cal. Sept. 5, 2025) (explaining that "it is not unprecedented for a district court to issue injunctive relief to multiple immigration detainees joined into one habeas Petition" and that doing so may be proper where "the allegations in [a] habeas case involve a 'systemic pattern of events' that is common to all Petitioners"). In the absence of any specific statute or rule establishing a per se prohibition on joinder of multiple

5

habeas petitions in one action, this Court cannot conclude that such joinder is impermissible where the requirements of Rules 18 and 20 are otherwise satisfied. Instead, the differing approaches taken by courts within the Ninth Circuit are better understood to reflect that the factual and legal issues raised by a habeas petition will often be sufficiently distinct and individualized to preclude satisfaction of Rule 20's requirements.

In short, the government has not identified any reason why the Court is *required* to sever the claims being asserted in the amended complaint into different actions. Still, given the government's position that the issues presented therein would be better addressed in distinct lawsuits, the Court would be inclined to exercise its discretionary authority under Rule 21 to sever plaintiffs' class claims and Ms. Galo Santos and Mr. Teletor Sente's individual habeas claims into actions separate from Ms. Garro Pinchi's original habeas claim in the absence of any showing of prejudice by the plaintiffs.

The government argues that, once severed, all claims except Ms. Garro Pinchi's original habeas claim should be randomly reassigned pursuant to this Court's general assignment system. But courts in this district routinely retain severed cases. *See, e.g.*, *Am. Small Bus. League v. United States Off. of Mgmt. & Budget*, No. 20-cv-07126, 2021 WL 4459667, at *4 (N.D. Cal. Apr. 21, 2021); *CJ Inv. Servs., Inc. v. Williams*, No. 08-cv-5550, 2012 WL 547176, at *3 (N.D. Cal. Feb. 17, 2012). Given the substantial time that the Court has already invested in this matter—including conducting more than two hours of hearings, issuing two orders on requests for emergency or preliminary relief, and considering four pending motions—reassigning the cases would not promote judicial economy. *See Lesnik v. Eisenmann SE*, No. 16-cv-01120, 2018 WL 10911942, at *1 (N.D. Cal. June 19, 2018) (explaining that judicial economy is among the factors considered on a motion to sever).

The government argues that random reassignment is appropriate because Ms. Garro Pinchi engaged in "forum shopping" by choosing to add the class claims only after this Court granted her motion for preliminary injunctive relief. In other words, the government accuses Ms. Garro Pinchi of "attempt[ing] to win a tactical advantage" from litigating before a particularly favorable court. *Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 695 (9th Cir. 2009) (quoting *Iragorri v. United*

*Techs. Corp.,* 274 F.3d 65, 72 (2d Cir. 2001) (en banc)). But this Court's grant of preliminary relief to Ms. Garro Pinchi does not suggest that it is any more favorable to plaintiffs than other courts would be. "*Every* court in this district to have considered these questions has granted preliminary injunctive relief to similarly situated petitioners," as have "[t]he vast majority of courts outside this district." *Bautista Pico v. Noem*, No. 25-CV-08002-JST, 2025 WL 3295382, at *2 (N.D. Cal. Nov. 26, 2025) (emphasis added; collecting cases). There is thus no basis to infer that Ms. Garro Pinchi's choice to add her class claims to this case, rather than pursue them in a new case, was motivated by anything more than a desire to avoid the hassle of litigating multiple actions. Nor has the government identified any improper tactical advantage resulting from that choice.

In any case, reassigning the severed cases would likely be futile. For the reasons explained above, plaintiffs' class claims concern substantially the same parties and underlying events as Ms. Garro Pinchi's habeas claim, and Ms. Galo Santos and Mr. Teletor Sente's habeas claims concern the same parties and underlying events as the class claims. The severed claims would therefore likely all be deemed related under Civil Local Rule 3-12(a) and, if reassigned, would ultimately be assigned back to this Court. *See* Civ. L.R. 3-12(c) (authorizing *sua sponte* judicial referrals to determine whether cases are related); Civ. L.R. 3-12(f)(3) (providing that related cases shall be reassigned to the court assigned to the lowest-numbered case).

## CONCLUSION

For the foregoing reasons, plaintiffs are ordered to show cause why the government's motion to sever should not be granted. Plaintiffs shall do so by no later than 12:00 p.m. on Wednesday, December 17, 2025.

**IT IS SO ORDERED.**

Dated: December 16, 2025

P. Casey Pitts
United States District Judge