BRETT A. SHUMATE
Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
BENJAMIN MOSS
Senior Counsel
NANCY N. SAFAVI (TXBN 24042342)
Senior Trial Attorney
JESSICA D. STROKUS (VABN 91100)
Trial Attorney
　　Office of Immigration Litigation
　　Civil Division, U.S. Dept. of Justice
　　P.O. Box 878, Ben Franklin Station
　　Washington, DC 20044
　　Tel: (202) 514-9875
　　Email: Nancy.Safavi@usdoj.gov
*Counsel for Defendants*

CRAIG H. MISSAKIANA (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney
Chief, Civil Division
DOUGLAS JOHNS (CABN 314798)
Assistant United States Attorneys
　　60 South Market Street, Suite 1200
　　San Jose, California 95113
　　Tel: (415) 846-8947
　　E-mail: Douglas.Johns@usdoj.gov

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FRESCIA GARRO PINCHI; *et al.*,<br><br>　　Plaintiffs,<br><br>　v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; *et al.*,<br><br>　　Defendant. | CASE NO. 5:25-CV-05632-PCP<br><br>**STIPULATED PROTECTIVE ORDER;** ~~**[PROPOSED]**~~ **ORDER**<br><br>Honorable J. Casey Pitts<br>United States District Judge |

This Stipulated Protective Order is entered into by, and between, Plaintiffs and Defendants by, and through, their respective attorneys as follows:

1.     PURPOSES AND LIMITATIONS

Plaintiffs and Defendants (collectively, "the parties") stipulate, recognize, and acknowledge that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and that are subject to legal protection from public disclosure because the information is:

(a)     a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G);

(b)     personal financial, medical or other private information relating to an individual, including a non-U.S. citizen, that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2, including any document, information, or tangible thing protected by the provisions

of the Family and Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. Part 99; certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number, or other identifying number, including Health Insurance Claim (HIC) number) that may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a; the provisions of 45 C.F.R. §§ 164.102-164.534 (regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA)); or health information for which there may be no waiver by the patient to produce the records to an entity outside one of the parties;

(c)     information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a, and information that would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or lawful permanent resident;

(d)     personally-identifying information regarding any individual currently or formerly in the custody of the U.S. Immigration and Customs Enforcement, including but not limited to name, date of birth, Social Security number, driver's license number, foreign identification documents, A-number and information contained in individual detainee files (e.g., "A Files"), email addresses, phone numbers, mailing addresses, and personal financial information;

(e)     information contained in or pertaining to an individual's (1) asylum, refugee, credible fear, or reasonable fear claims, applications, interviews, determinations, or reviews-including applications for relief under the Convention Against Torture; (2) non-refoulement interviews; (3) legalization applications under 8 U.S.C. § 1255a; (4) Special Agricultural Worker applications under 8 U.S.C. § 1160; (5) applications for temporary protected status under 8 U.S.C. § 1254a; (6) information that relates to an noncitizen who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), (15)(U), (51) or 1229b(b)(2); or (7) information contemplated by 8 U.S.C. § 1186a(c)(4)(C) concerning any abused alien spouse or child, including information regarding the whereabouts of such spouse or child (*see* 8 C.F.R. §§ 216.5(a)(l)(iii) and (e)(3)(viii); 8 C.F.R. § 1216.S(a)(l)(iii); 8 U.S.C. § 1154(a)(l)(A)(iii), (iv), (v), and (vi); 8 U.S.C. § 1154(a)(l)(B)(ii), (iii) and (iv)); (7) information protected by 8 U.S.C. §§ 1367, 1202 *et seq.*, 1304(b); 22 U.S.C. §

7105(c)(l)(C)(ii); 8 C.F.R. §§ 208.6, 210.2(e), 214.216, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, and 1208.6;

(f)     sensitive, privileged, or confidential information that is not otherwise publicly available, including through FOIA, about Defendants' law enforcement, immigration enforcement, or national security operations or intelligence policies or procedures (including the names and contact information of third parties, and non-Senior Executive Service and non-federal employees), and confidential personnel information, including identifying information, contact information, identifying personnel numbers, and other personally-identifying information of non-public-facing federal employees, where release of such information to the public may adversely impact identifiable law enforcement, immigration enforcement, immigration, or national security interests; and

(g)     any other information that is protected or restricted from disclosure by Court order, statutes, rules or regulations.

If any party contends that information properly placed in the public record that either party files or intends to file in this case should be designated as "CONFIDENTIAL", the parties agree to meet and confer pursuant to Section 6.2.

2.3     Counsel of Record: counsel of record for Plaintiffs and Defendants as well as their support staff and attorneys who are affiliated with the law firm, agency, or entity which is Counsel of Record for each party, and, for Defendant, Counsel for the applicable Federal Departments and Agencies.

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

STIPULATED PROTECTIVE ORDER
25-CV-05632-PCP
4119149.v2
4119149.v2

2.7     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8     <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel.

2.9     <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.10    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating/interpretation, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.11    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.12    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      <u>SCOPE</u>

(a)     The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (ii) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

(b)      This Stipulated Protective Order applies to any ordered discovery[1] and pre-trial proceedings in this action, whether the Protected Material is produced by a party or by a person or entity who is not a party to this action (a "non-party"). This Order binds the parties and their respective agents, successors, personal representatives, and assignees. Any use of Protected Material at trial shall be governed by a separate agreement or order.

(c)

## 4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Nor shall termination of employment of any person who has had access to any Protected Material relieve such person of his or her obligations under this Protective Order unless a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.    DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or

---

[1] Defendants do not concede that discovery is permissible in this APA case.

retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). To the extent that documents produced in other court actions subject to protective orders entered by those courts ("Other Court Actions") are produced in this action, the Producing Party shall identify those designations that were made for the purposes of Other Court Actions and sufficiently mark them so they may be differentiated from designations made for the purposes of this action. Where pages marked "CONFIDENTIAL" in the productions of these Other Court Actions do not identify the protected portions thereof, the parties shall meet and confer as necessary to address de-designating any "CONFIDENTIAL" markings. The parties do not waive their rights to challenge the confidentiality designations in specific documents produced from the Other Court Actions. Any challenges shall be governed by Section 6 of this Order.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the

documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for any testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding or by written notice within 7 calendar days thereafter, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record  by written notice within 7 calendar days thereafter a right to have up to 30 days after the transcript becomes available to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice.

In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 14 days of the initial notice of challenge or within 7 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 14 days (or 7 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation

at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)      the Receiving Party's Counsel of Record in this action as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)      the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be

Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel including, but not limited to, any judicial officer to whom this Court may refer this matter for settlement purposes;

(e)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    if any deposition are held, during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating

Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is

subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
      MATERIAL

(a)   Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), in case of any inadvertent disclosure of a communication or information covered by the attorney-client privilege or work product protection, if the Producing Party promptly notifies the Receiving Party of such inadvertent disclosure within 45 calendar days of learning that the disclosure inadvertently contained information covered by the attorney-client privilege or work product protection, such "privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding."

12.   MISCELLANEOUS

STIPULATED PROTECTIVE ORDER
25-CV-05632-PCP
4119149.v2
4119149.v2

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

12.4    Need to disclose in Open Court. If the need arises for any Party to disclose Confidential Information in a proceeding in open Court or at any hearing or trial, it may do so only after giving notice to the Producing Party, with such notice to be provided in not less than five (5) days prior to the hearing except upon a showing of good cause. Producing Party, after a good faith effort to meet-and-confer, may seek additional relief from the Court.  If the Court schedules a hearing to occur less than five (5) days from the date the hearing is scheduled, the notice contemplated by this Section shall be accomplished within twenty-four (24) hours, or as soon as practicable. The notice contemplated by this Section for purposes of a Party who asserts the need to disclose Confidential Information at trial may be accomplished by provision of a pre-trial exhibit list and resolution of any objection by the Court at a Pretrial Conference. This Paragraph 12.4 does not apply to filing documents to the docket; such filings are governed by Local Civil Rule 79-5.

12.5    Privacy Act. The United States is authorized to produce personal identifying information as further defined in the Privacy Act of 1974, 5 U.S.C. § 552a, and the Privacy Act of 1974's regulations contained within electronically stored information or hard copy documents. Any electronically stored information or hard copy documents containing such personal identifying information will be deemed Confidential Information, regardless of whether the electronically stored information or hard copy documents are marked with a "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" legend designating the information as Confidential Information. Notwithstanding the foregoing, Counsel for the Defendants will make reasonable efforts to designate any documents or materials containing such personal identifying information as "CONFIDENTIAL." 12.6 Applicability to Parties Later Joined. If additional persons or entities become parties to this Action, they must not be given access to any Confidential Information until they execute and file with the Court their written agreement to be bound by the provisions of this Order.

13.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION). The parties do

not intend for this Stipulated Protective Order to change, alter, or modify any obligations that they may have under any statutes, rules or regulations including, but not limited to, 44 U.S.C. § 3101, et seq., and 5 U.S.C. § 552, et seq.

**SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

BENJAMIN MARK MOSS
Senior Counsel
Office of Immigration Litigation

JESSICA D. STROKUS
Trial Attorney
Office of Immigration Litigation

Dated: March 20, 2026          By:    /s/     *Nancy Safavi*
NANCY N. SAFAVI
Senior Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-9875
Email: Nancy.Safavi@usdoj.gov

*Counsel for Defendants*

Dated: March 20, 2026          By:    /s/     *Bree Bernwanger*
BREE BERNWANGER
Senior Staff Attorney

Counsel for Plaintiffs

## ATTESTATION

In compliance with Civil L.R. 5-1(i)(3), I, Nancy N. Safavi, attest that I have obtained concurrence in the filing of this document from each of the other signatories.

STIPULATED PROTECTIVE ORDER
25-CV-05632-PCP
4119149.v2
4119149.v2

Dated: January 28, 2026            By:    /s/   Nancy Safavi
                                          NANCY N. SAFAVI
                                          [PROPOSED] ORDER


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


DATED: March 20, 2026            _____
                                 HONORABLE P. CASEY PITTS
                                 United States District Judge


STIPULATED PROTECTIVE ORDER
25-CV-05632-PCP
4119149.v2
4119149.v2

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Garro Pinchi, et al. v. Noem, et al.*, No. 25-cv-05632-PCP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____