UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRESCIA GARRO PINCHI, et al.,

Plaintiffs,

v.

KRISTI NOEM, et al.,

Defendants.

Case No.  25-cv-05632-PCP

**ORDER DENYING MOTION TO DISMISS**

Re: Dkt. No. 66

Plaintiffs Frescia Garro Pinchi, Juany Galo Santos, and Jose Teletor Sente challenge the alleged implementation of a new policy under which the Department of Homeland Security (DHS) authorizes its agents to re-detain previously released non-citizens without first making individualized determinations of changed circumstances justifying such detention—that is, without determining that the non-citizens pose a flight risk or danger to the public. The Court previously stayed this "re-detention policy" pursuant to § 705 of the Administrative Procedure Act (APA) and provisionally certified a class of noncitizens subject to the policy. *See Garro Pinchi v. Noem*, No. 25-CV-05632-PCP, 2025 WL 3691938, at *1 (N.D. Cal. Dec. 19, 2025). Now before the Court is defendants' motion to dismiss the amended complaint. The relevant factual, procedural, and legal background is detailed in the Court's prior order, *see id.* at *1–6, and the Court assumes familiarity with the allegations in plaintiffs' operative amended complaint. For the reasons below, defendants' motion to dismiss is denied.

Defendants' motion largely relies on the arguments this Court addressed in its order staying the re-detention policy. Defendants argue that plaintiffs' claims are not justiciable because plaintiffs do not face a sufficient threat of re-detention, including due to this Court's orders granting preliminary injunctions as to the now-severed habeas claims. The Court has already rejected this argument. *See id.* at *6–9. Defendants next argue that 8 U.S.C. § 1252(b)(9), (g), and

(e)(3) deprive the Court of jurisdiction. Again, the Court has concluded otherwise.[1] *See id.* at *9–11. Third, defendants contend that § 1225(b)(2) "provides a lawful basis for detention of non-admitted aliens," whether or not DHS previously released them into the interior of the country. This Court and several hundred other federal district courts disagree, *see id.* at *26–29, and defendants have not identified any binding authority that compels acceptance of their interpretation. Defendants also argue that plaintiffs' amended complaint fails to identify any "final agency action" reviewable under the APA and that any such action falls within DHS's unreviewable discretion. But the amended complaint alleges substantially the same facts that this Court held "demonstrate the existence of a re-detention policy" that is reviewable under the APA. *See id.* at *20–24. The Court has also rejected defendants' arguments that the alleged re-detention policy is sufficiently reasoned on its face to satisfy the APA's dictates, *see id.* at *25–31; that noncitizens who have not been lawfully admitted into the United States categorically lack any protected liberty interest in their conditional release that DHS was required to consider, *see id.* at *30–31; and that any restrictions on the relief available in habeas corpus proceedings bear on plaintiffs' request for relief under the APA, *see id.* at *18.

The lone argument in defendants' motion to dismiss that was not addressed by the Court's earlier stay order concerns plaintiffs' claim that the re-detention policy violates the APA because it

---

[1] Defendants point the Court to *Khalil v. President, United States*, in which the Third Circuit recently concluded that 8 U.S.C. § 1252(b)(9) stripped a district court of jurisdiction to resolve a habeas petitioner's claims challenging his removal and detention pending removal proceedings. *See* 164 F.4th 259, 265 (3d Cir. 2026). That out-of-circuit decision does not bind this Court and is arguably at odds with binding Ninth Circuit precedent. *See id.* at 278 (noting tension with *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006)). In any case, *Khalil*'s holding does not apply here. There, the Third Circuit reasoned that § 1252(b)(9) bars district courts only from deciding legal claims for which "aliens can get review later … by litigating before an immigration judge, the Board of Immigration Appeals, and then by way of a [petition for review (PFR)] to a court of appeals." *Id.* at 274. So the petitioner in *Khalil* could not seek review in district court for claims attacking the legality of his removal and detention that could be raised in immigration court and then through a PFR. *See id.* at 276. Here, however, it is beyond dispute that plaintiffs could not seek review of their APA claims (i.e., of the sufficiency of the government's reasoning in implementing the re-detention policy) in immigration court or a PFR. Though defendants may contend that the *harms* for which plaintiffs seek relief under the APA are the same harms for which relief is available in immigration court, *Khalil* itself rejected such a focus on the injury underlying a claim or the relief sought. *See id.* at 275. Because this action "raise[s] legal … *questions* that a court of appeals will not later be able to review meaningfully on a PFR," *Khalil* does not suggest that the Court lacks jurisdiction under § 1252(b)(9). *Id.* at 274–75.

2

is contrary to the Fourth Amendment. Under § 706(2)(B) of the APA, a "reviewing court shall … hold unlawful and set aside agency action … found to be … contrary to constitutional right." 5 U.S.C. § 706(2)(B). The amended complaint alleges that the re-detention policy "violates the Fourth Amendment because it authorizes immigration agents to undertake unreasonable seizures by re-arresting [plaintiffs] and the proposed class members" without probable cause.

Because the Fourth Amendment protects against unreasonable seizures by the government, it is "a bedrock Fourth Amendment precept" that an officer may arrest an individual "only if he has probable cause." *Beier v. City of Lewiston*, 354 F.3d 1058, 1065 (9th Cir. 2004). "Probable cause is a fluid concept" that differs "in particular factual contexts." *Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 819 (9th Cir. 2020) (citation modified). In the immigration context, probable cause to support a civil arrest consists of "reasonably trustworthy information sufficient to warrant a prudent person in believing that in individual" is subject to detention under the relevant immigration statute. *See id.* (citation omitted).

In their motion to dismiss, defendants argue that the re-detention policy comports with the Fourth Amendment only because "§ 1225(b)(2)(A) … mandates custody of applicants for admission pending removal proceedings," such that DHS always has probable cause to arrest an applicant for admission. But as noted above, the Court rejected that view in its prior order staying the re-detention policy because § 1225(b)(2)(A) "is best read to mandate detention only of applicants for admission who are 'seeking admission' upon their initial arrival in the United States" and does not apply to those "whom DHS has apprehended and released into the country's interior." *Garro Pinchi*, 2025 WL 3691938, at *29. Because § 1225(b)(2)(A) does not provide probable cause to re-detain plaintiffs or members of the provisionally certified class, all of whom DHS previously released into the United States, plaintiffs' allegations that the re-detention policy authorizes unreasonable seizures and therefore violates the Fourth Amendment are plausible.

For the foregoing reasons, defendants' motion to dismiss the amended complaint is denied.

**IT IS SO ORDERED.**

3

Dated: March 23, 2026

P. Casey Pitts
United States District Judge