BRETT A. SHUMATE
Assistant Attorney General
Civil Division
AUGUST FLENTJE
Deputy Director
BENJAMIN MARK MOSS
Senior Counsel
JESSICA D. STROKUS (VABN 91100)
Senior Litigation Counsel
NANCY N. SAFAVI (TXBN 24042342)
Senior Trial Attorney
STEVEN D. SMITH (MDBN0312170260)
Trial Attorney
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-8779
Email: Jessica.D.Strokus@usdoj.gov

CRAIG H. MISSAKIANA (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney
Chief, Civil Division
WILLIAM SKEWES-COX
Assistant United States Attorneys
60 South Market Street, Suite 1200
San Jose, California 95113
Tel: (415) 629-0263
E-mail: William.Skewes-Cox@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FRESCIA GARRO PINCHI, JUANY GALO SANTOS, and JOSE TELETOR SENTE, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

SERGIO ALBARRAN, Field Office Director of the San Francisco Immigration and Customs Enforcement Office; KRISTI NOEM, Secretary of the United States Department of Homeland Security; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement, acting in their official capacities; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Defendants.

Case No. 5:25-cv-5632-PCP

**DEFENDANTS' NOTICE OF PARTIAL COMPLIANCE WITH DISCOVERY ORDER AND MOTION FOR AN EXTENSION OF TIME TO COMPLETE DISCOVERY REFERENCED AT ECF 134**

Date: August 20, 2026
Time: 10:00 a.m.
Dept: Courtroom 8 - 4th Floor
Judge: Hon. P. Casey Pitts

Date Filed: July 10, 2026

The Court's June 2, 2026 order required Defendants to complete production of documents referenced at ECF No. 134 on a rolling basis but by no later than July 10, 2026. ECF No. 139. Defendants respectfully notify the Court of their partial compliance to date and, in light of their diligence in complying and collection and production issues that are leading to challenges fully complying with that deadline, Defendants respectfully request that the Court extend the time for them to complete production of discovery referenced at ECF No. 134 until the end of fact discovery, by July 31, 2026.[1] *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time.").

On April 10 2026, this Court granted Plaintiffs' motion for extra-record discovery. ECF No. 130. On April 23, 2026, this Court ordered Defendants to produce documents responsive to six requests for production of documents.[2] ECF No. 134. Since then, Defendants have negotiated in good faith with Plaintiffs regarding custodians and search terms, engaged in document review, produced documents according to the production schedule, prepared briefing and attended a hearing on the severed matter of Ms. Garro Pinchi's habeas case, and negotiated with Plaintiffs and prepared briefing concurrently on discovery disputes raised by Plaintiffs. Defendants have expended significant resources coordinating across multiple agencies, reviewing and producing documents, and assessing complex privilege issues within an expedited timeframe. This includes matters such as the following:

- Between April 23, 2026, and May 7, 2026, Defendants simultaneously negotiated custodians, search terms, and an ESI protocol with Plaintiffs while reviewing a preliminary ESI pull of over 45,500 documents for responsiveness and privilege. In an effort to comply

[1] Defendants acknowledge this Court's standing order requiring extension motions to be brought at least 72 hours in advance of the deadline and apologize to the Court for the delay. Defendants have committed every moment to completing document review and production in hopes that they would be able to satisfy the July 10 final rolling production deadline and that this motion would be unnecessary. Once it became fully apparent that the instant motion would be necessary, Defendants informed Plaintiffs of the instant motion and have filed this motion as soon as possible after meeting and conferring with Plaintiffs.

[2] This Court's ordered requests for production differed in terms and scope than those originally requested by Plaintiffs in their motion to compel completion of the certified administrative record and for extra-record discovery. *See* ECF No. 118.

with the Court's April 23, 2026 order, on May 7, 2026, Defendants served a production of all responsive documents from the preliminary ESI pull that Defendants were able to review by that date.

- While continuing to engage in negotiations regarding the custodial ESI documents with Plaintiffs, on May 22, 2026, Defendants served a rolling production of all non-custodial documents, with the exception of A-files. On May 29, 2026, Defendants re-produced the May 22 production due to a technical error that resulted in data files not being available at the time of the May 22 production.
- Once the parties reached agreement on the parameters of the custodial ESI pull, the specifics of which were agreed upon as filed with the Court on June 1, 2026, *see* ECF No. 137-1, Defendants began the pull of ESI materials from agreed-custodians, applied search terms, and began the transfer of data from Defendants to the Department of Justice for interagency review on the Department of Justice's document review platform. In total, the ESI pull consisted of over 200,000 documents and ICE requested 312 A-files.
- Because of the amount of data, transfer and upload of the data for review took a substantial amount of time. On June 5, 2026, Defendants were able to begin review of some ESI documents in the Department of Justice's document review platform. At that time, data transfers and uploads to the platform were ongoing.
- On June 12, 2026, and June 26, 2026, Defendants served rolling productions of responsive custodial documents and A-files that had undergone and completed the interagency review process. By June 26, 2026, Defendants had served rolling productions with Bates ranges GOV-00000001 through GOV-00014124.
- On June 26, 2026, in light of Plaintiffs' challenges to Defendants privilege invocations in the May 7, 2026 production, Defendants requested that Plaintiffs raise all of their challenges to Defendants privilege invocations during the three-week period after Defendants scheduled final production before the close of fact discovery. Defendants explained that the agency was working hard to review documents so that productions could be made in a

timely manner, and that concurrent discussion of discovery disputes put a significant strain on Defendants limited resources. Defendants offered to stipulate that any challenges raised during the time period between July 10 and July 31 would be timely. Defendants also explained at that time that the entire Civil Division of the Department of Justice was experiencing network outages. Plaintiffs declined and indicated that they were unwilling to wait to raise challenges.

- By July 9, 2026, Defendants had surged over 160 attorneys and spent over 4,300 hours on document review for this case alone in an attempt to serve a final rolling production of documents by July 10, 2026.
- On July 9, 2026, Defendants notified Plaintiffs that, despite Defendants efforts and expending every available resource, Defendants were unable to complete review in order of the July 10 rolling production to represent a final rolling production of responsive documents. Defendants informed Plaintiffs that Defendants would seek an extension of time to complete rolling document production and offered to meet and confer with Plaintiffs.
- On July 10, 2026, the parties met and conferred, including regarding the instant motion.
- On July 10, 2026, Defendants served a rolling production of documents, Bates ranges GOV-00014125 through GOV-00050501.

Completing these tasks has been extraordinarily burdensome on Defendants, who, through their diligent work, dedicated an enormous number of attorney hours to complete rolling document production. As a result of these efforts, Defendants have completed review and production of 50,501 pages of documents on an expedited timeline. Unfortunately, despite Defendants' diligent efforts, additional work is ongoing that necessitates a modest extension of the July 10 document production deadline.

First, Defendants have made several concessions to Plaintiffs to expand the scope of discovery. For instance, at Plaintiffs request, and under pressure in light of the fact that the parties were still negotiating a rolling production after the original Court-ordered deadline, Defendants agreed to add three custodians and four expansive search terms based on A-numbers.

Second, this is not a straightforward document production. The documents at issue include documents pulled from high-ranking officials at Immigration and Customs Enforcement that implicate numerous equities and necessitate review by non-party agencies. The documents require the most scrupulous screening for responsiveness and any applicable privileges. Further, many of the documents collected were sent to or by senior White House officials, implicating the Presidential Communications Privilege and requiring conferral with and review by White House counsel. As Defendants have noted, most of the documents collected are either nonresponsive or privileged, resulting in an enormous expenditure of time with comparatively few documents to produce, yet the necessary expenditure of time cannot be overlooked in assessing whether there is good cause for an extension. In short, the documents collected are highly sensitive, in many cases privileged, and review requires extensive coordination across multiple departments, agencies, and the Executive Office of the President. These tasks exceed the available time.

Finally, a number of time-consuming technical collection and production issues, including multiple network outages impacting the entire Civil Division, have arisen, necessitating time to resolve them. Defendants have worked diligently to face these challenges and work with the relevant IT personnel to understand the scope of challenges as they arise and predict a likely timeline for resolution. Defendants have worked steadily to overcome technical challenges, and believe an additional 21 days would meaningfully facilitate that endeavor.

Accordingly, having exercised diligence and achieved partial compliance with the Court's June 2 discovery production and case scheduling order, but realizing that despite best efforts additional time is needed to comply with that order, Defendants respectfully request that the Court grant them until the close of fact discovery, July 31, 2026, to complete rolling production of discovery referenced in ECF No. 134. On July 10, 2026, Plaintiffs informed Defendants that they are opposed to this motion.

Dated: July 10, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

AUGUST FLENTJE
Deputy Director

BENJAMIN MARK MOSS
Senior Counsel

NANCY N. SAFAVI
Senior Trial Attorney

STEVEN D. SMITH
Trial Attorney

*/s/ Jessica D. Strokus*
JESSICA D. STROKUS
Senior Litigation Counsel
VABN 91100
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-8779
Jessica.D.Strokus@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on July 10, 2026, I caused to be filed the foregoing document via CM/ECF, which caused a copy to be served on all parties.

*/s/ Jessica D. Strokus*
JESSICA D. STROKUS
Senior Litigation Counsel
VABN 91100
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-8779
Jessica.D.Strokus@usdoj.gov