ERIN E. MEYER - # 274244
emeyer@keker.com
JULIA L. ALLEN - # 286097
jallen@keker.com
CLAIRE C. BONELLI - #317735
cbonelli@keker.com
ELLEN WATLINGTON - # 336422
ewatlington@keker.com
JACQUIE P. ANDREANO - # 338354
jandreano@keker.com
KAYLA CROWELL - # 349061
kcrowell@keker.com
MICHAELA FIRMAGE - # 366184
mfirmage@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400

Attorneys for Plaintiffs

*[ADDITIONAL COUNSEL ON NEXT PAGE]*

BREE BERNWANGER - # 331731
bbernwanger@aclunc.org
MICHELLE (MINJU) Y. CHO - # 321939
mcho@aclunc.org
NEIL K. SAWHNEY - # 300130
nsawhney@aclunc.org
LAUREN M. DAVIS - # 357292
ldavis@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

ABBY SULLIVAN ENGEN - # 270698
asullivanengen@centrolegal.org
JESSE NEWMARK - # 247488
jessenewmark@centrolegal.org
NIKOLAS DE BREMAEKER (admitted pro
hac vice)
ndebremaeker@centrolegal.org
CENTRO LEGAL DE LA RAZA
3400 E. 12th Street
Oakland, CA 94601
Telephone: (510) 437-1863

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| FRESCIA GARRO PINCHI, JUANY GALO SANTOS, and JOSE TELETOR SENTE, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>      v.<br><br>SERGIO ALBARRAN, Field Office Director of the San Francisco Immigration and Customs Enforcement Office; MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement, acting in their official capacities; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>        Defendants. | Case No. 5:25-cv-5632-PCP<br><br>**JOINT LETTER BRIEF REGARDING PRIVILEGE DISPUTES**<br><br>Dept:     Courtroom 8 - 4th Floor<br>Judge:   Hon. P. Casey Pitts<br><br>Date Filed: July 3, 2025 |

6262841

JUDY RABINOVITZ (admitted pro hac vice)
jrabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2660

OSCAR SARABIA ROMAN - # 341385
osarabia@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, Ste 7th Floor
San Francisco, CA 94104
Telephone: (916) 813-7891

Attorneys for Plaintiffs

6262841

Dear Judge Pitts:

The parties submit this letter brief to address discovery disputes related to Defendants' refusal to produce certain documents based on claims of Presidential Communications Privilege, Deliberative Process Privilege, and Attorney-Client Privilege. The parties met and conferred telephonically on several occasions and remain unable to reach agreement.

## Presidential Communications Privilege

**Plaintiffs' Position:** Defendants have not properly justified their invocation of the presidential communications privilege ("PCP") over 2 documents produced to date: GOV00000026 and GOV00000027–38. The privilege is a narrowly construed and qualified privilege available for "presidential advisers in the course of preparing advice for the President." *In re Sealed Case*, 121 F.3d 729, 752 (D.C. Cir. 1997). The burden is on Defendants to justify that the PCP applies. *See id.* at 758 (White House invoking PCP is "expected to demonstrate" the privilege applies). The privilege extends only to communications by (1) individuals "close enough to the President to be revelatory of his deliberations or to pose a risk to the candor of his advisers" and (2) "communications that these advisers and their staff author or solicit *and* receive in the course of performing their function of advising the President on official government matters." *Id.* at 752 (emphasis added).[1]

Defendants state that the redacted information as to both documents is withheld because the "document contains communications and information solicited by the White House." However, that is not immediately evident from the information available. GOV00000026 is a communication between Dong H. Yim, a Detention and Deportation Officer, and two listservs that appear likely to involve ICE ERO staff. Neither sender or recipient is a "presidential adviser…" or performing the function of "advising the President on official government matters" and thus Defendants have not carried their burden of showing that the privilege applies. *In re Sealed Case*, 121 F.3d at 752.

As to GOV00000027–38, the document at issue is a memorandum with the subject "Department of Homeland Security Presidential Action Implementation Wins – Week of November 17, 2025" and its stated purpose is to "update [the recipient] on [DHS's] implementation of Presidential Actions…" Defendants' privilege log states that document was solicited by the Deputy Chief of Staff, but does not indicate whether it was ever received by that person, and indeed the document is logged as a "draft" further suggesting it was not transmitted to the President's Deputy Chief of Staff. The document may be covered by PCP only if it is "solicited *and* received" by the President or President's immediate advisers. *Karnoski v. Trump*, 926 F.3d 1180, 1203 (9th Cir. 2019) (emphasis added). Moreover, a document discussing "implementation wins" is unlikely to be "performing the function of advising the President on official government matters." *In re Sealed Case*, 121 F.3d at 752. Defendants have therefore not carried their burden to withhold the document. Defendants' declaration provided to Plaintiffs on July 9, more than a week after the parties confirmed that they reached impasse, and a week after Plaintiffs provided Defendants with their portions of the letter brief, does not alter the analysis. Specifically, rather than discussing an actual recipient, the declaration identifies an "intended recipient." Ex. A. at ¶ 7.

Even if Defendants had carried their burden to show PCP applies (which they have not), the presidential communications privilege is not absolute, and it can be overcome by a showing "that the evidence sought [is] directly relevant to issues that are expected to be central to the trial"

---

[1] Counsel for both parties concluded on June 30 that they were unable to reach agreement and set the following letter briefing schedule: (1) Plaintiffs to provide their portions of the brief to Defendants on July 2, (2) Defendants to provide their portions of the brief on July 9, and (3) the parties to file no later than July 10. As agreed, Plaintiffs sent their portions of the letter brief to Defendants on July 2. On July 9, rather than returning the letter brief with their portions, Defendants withdrew their claims as to Law Enforcement Privilege and provided declarations supposing to support their remaining Deliberative Process and Presidential Communication Privilege claims as to their Volume 1 and Volume 3 productions.

and "is not available with due diligence elsewhere." *In re Sealed Case*, 121 F.3d at 754. According to Defendants' privilege log, the redacted material in GOV00000026 discusses "the shaping and implementation of immigration policies," which is highly relevant to the question of Defendants' immigration policies at issue in this case. Similarly, GOV00000027–38 includes discussion of Defendants' implementation of Executive Orders, which Defendants have explicitly pointed to as a cause for the increase in re-arrest of noncitizens without material changed circumstances. *See* Dkt. 125 at 5. This document is therefore directly relevant to the central issues in this case. The evidence is not available to Plaintiffs elsewhere.

Both Defendants' privilege log and declaration fail to identify whether a presidential adviser (or certain of their staff meeting the requirements of *In re Sealed Case*) *either* authored the withheld documents *or* solicited **and** received them. Defendants have therefore failed to carry their burden as to PCP, and, regardless, Plaintiffs have demonstrated why disclosure is necessary in this context. The Court should compel Defendants to produce the documents.

**Defendants' Position:**   The presidential communications "privilege is . . . inextricably rooted in the separation of powers under the Constitution." *U.S. v. Nixon*, 418 U.S. 683, 708 (1974). "A President and those who assist him must be free to explore alternatives in the process of shaping policies and making decisions and to do so in a way many would be unwilling to express except privately." *Id.* Thus, where the President invokes the privilege when asked to produce documents or other materials that reflect presidential decisionmaking and deliberations and that the President believes should remain confidential[,] . . . the documents become presumptively privileged." *In re Sealed Case*, 121 F.3d 729, 744 (D.C. Cir. 1997).

Plaintiffs cite, but fail to fully apply, *In re Sealed Case*, 121 F.3d 729 (D.C. Cir. 1997). Here, White House counsel, on behalf of the Office of the President, has formally asserted PCP "with respect to all portions of communications revealing communications solicited by and for the benefit of the White House." Ex. A. at ¶ 4.[2] Thus, the documents at issue are "presumptively privileged." *In re Sealed Case*, 121 F.3d at 744.

Whie the privilege is "qualified, not absolute, and can be overcome by an adequate showing of need," *id.* at 744, Plaintiffs have failed to make the "uniquely powerful" showing necessary to overcome it. *Id.* at 742 (quoting *Nixon v. Sirica*, 487 F.2d 700, 717 (D.C. Cir. 1973)). Unlike other privileges, PCP "is more difficult to surmount," as "courts must balance the public interest at stake in determining whether the privilege should yield in a particular case, and must specifically consider the need of the party seeking privileged evidence." *Id.* at 746. Plaintiffs "must . . . provide a focused demonstration of need." *Id.* It is not enough for Plaintiffs to show relevance and admissibility; Plaintiffs must show a "demonstrated, specific need" by establishing (1) that the materials likely contain important evidence and (2) their "[e]fforts . . . to determine whether sufficient evidence can be obtained elsewhere," by "detail[ing] those efforts and explain[ing] why evidence covered by the presidential privilege is still needed." *Id.* at 754-55; *accord Karnoski v. Trump*, 926 F.3d 1180, 1205 (9th Cir. 2019).

Plaintiffs have made neither showing. First, Plaintiffs' FAC does not generally challenge the Government's immigration enforcement policies, which appears to be their basis for asserting that the withheld document may contain relevant information. Rather, Plaintiffs' challenges in their FAC are far narrower—they allege that ICE created a re-detention policy for a subset of aliens in violation of the APA. Trying to overcome the privilege, Plaintiffs appear to broaden their claims to implicate materials irrelevant to the actual cause of action. But, Plaintiffs fail to identify what, if any, crucial evidence they think appears in the withheld document to establish their narrow APA claims. Further, Plaintiffs provide no basis to believe the requested evidence is unavailable elsewhere such that divulging the privileged material may be warranted. Indeed, Plaintiffs' single, conclusory assertion regarding this requirement fails to overcome the privilege invocation.

Moreover, Plaintiffs' vaguely asserted need is insufficient to overcome the President's need for confidentiality in the process of shaping policies and making decisions. This is not a

---

[2] Plaintiffs' complaint that Defendants did not provide the declaration from White House counsel on their arbitrary timeline is irrelevant to the instant dispute.

criminal case where the needs of the criminal justice system are applicable. *See Nixon*, 418 U.S. at 708-09, 712. And, unlike other civil cases, Plaintiffs have failed to show that the documents at issue are "demonstrably critical" to establishing their APA claims. *See Senate Select Comm. on Presidential Campaign Activities v. Nixon*, 498 F.2d 725, 731 (D.C. Cir. 1974); *Dellums v. Powell*, 561 F.2d 242, 247 (D.C. Cir. 1977). Given the President's weighty and legitimate interests, Plaintiffs are required to make a much stronger showing of compelling need.

Instead, Plaintiffs trivialize the type of communications that the President may consider "in the process of shaping policies and making decisions." *Nixon v. Administrator of Gen. Servs.*, 433 U.S. 425, 449 (1977). They forget that the President may consider the success and sufficiency of existing orders, practices, and policies this process. Similarly, drafts of documents ultimately provided to the White House for that purpose necessarily include the information ultimately provided to the White House for that purpose. *See In re Sealed Case*, 121 F.3d at 750 ("Presidential advisers do not explore alternatives only in conversations with the President or pull their final advice to him out of thin air—if they do, their advice is not likely to be worth much. Rather, the most valuable advisers will investigate the factual context of a problem in detail, obtain input from all others with significant expertise in the area, and perform detailed analyses of several different policy options before coming to closure on a recommendation for the Chief Executive . . . these pre-decisional documents are usually highly revealing as to the evolution of advisers' positions and as to the different policy options considered along the way. If these materials are not protected by the presidential privilege, the President's access to candid and informed advice could well be significantly circumscribed."); *Ass'n of Am. Physicians & Surgeons, Inc. v. Clinton*, 997 F.2d 898, 910 (1993) ("If you know what information people seek, you can usually determine why they seek it. A group directly reporting and advising the President must have confidentiality at each stage in the formulation of advice to him.").

In sum, Plaintiffs have not established that this is one of "the relatively infrequent occasions when an assertion of the privilege may be overcome." *Dellums*, 561 F.2d at 246; *Cheney v. U.S. Dist. Court for Dist. Of Columbia*, 54 U.S. 367, 389 (2004) (Executive privilege is an extraordinary assertion of power 'not to be lightly invoked.' Once executive privilege is asserted, coequal branches of the Government are set on a collision course," and, thus, "[t]hese 'occasions for constitutional confrontation between the two branches' should be avoided whenever possible." (internal citations and punctuation omitted)). At most, Plaintiffs' challenge is "merely a lip-service reference" rather than acknowledgement of the "strong presumption" of privilege, and their attempts to overcome it fail. *Dellums*, 561 F.2d at 246.

Finally, if the Court believes that Plaintiffs have carried their burden of establishing a sufficient showing of need, the President should be given an opportunity to raise more particularized claims of privilege to cure any foundation issues the Court identifies. *In re Sealed Case*, 121 F.3d at 743; *accord Dellums v. Powell*, 642 F.2d 1351 (D.C. Cir. 1980) (remanding to provide President Nixon further opportunity to assert particularized claims of privilege). Moreover, if, after such an opportunity is provided, this Court continues to believe an adequate showing of need has been demonstrated, this Court "should then proceed to review the documents *in camera* to excise non-relevant material." *In re Sealed Case*, 121 F.3d at 745.

## Deliberative Process Privilege

**Plaintiffs' Position:** Defendants have not properly justified their invocation of the deliberative process privilege ("DPP") over GOV00000847–48. Defendants assert the following justification for asserting DPP: it "[r]eveals memorandum by government employees containing proposal concerning immigration policy and contemplated agency decisions." The document at issue is titled "ERO Removals up to 1M Strategic Plan_LESA v1.docx" and "is withheld in whole. This vague justification is insufficient. For documents to be withheld based on DPP they must be "part of a clear process leading to a final decision on the issue." *Coastal States Gas Corp. v. Dpt. Of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980). It is the agency's burden to establish "what deliberative process is involved, and the role played by the documents in issue in the course of that process." *Id.* The agency has not carried that burden here. *Kleinert v. Bureau of Land Management*, 132 F.Supp.3d 79, 90 (D.D.C. 2015) (explaining that a "vague and general description" was

insufficient to justify redactions under DPP). Defendants' declaration provided to Plaintiffs on July 9, more than a week after the parties confirmed that they reached impasse, and a week after Plaintiffs provided Defendants with their portions of the letter brief, does not alter the analysis.

Even if DPP applies (which Plaintiffs do not concede), the privilege is "a qualified one." *F.T.C. v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). Documents reflecting an agency's deliberative process may be obtained by a litigant if the litigant's need for the materials and the need for accurate fact-finding override the agency's interest in non-disclosure. *Id.* To assess whether disclosure is appropriate, the Ninth Circuit applies the four-factor *Warner* balancing test, considering "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Karnoski*, 926 F.3d at 1206 (citing *F.T.C.*, 742 F.2d at 1161).

The balance of the *Warner* factors favor disclosure. Documents from February 2025, presumably around the time that Defendants were formulating the re-detention policy, discussing DHS's intent to conduct "ERO Removals up to 1M…" are highly relevant to the claims in this case. In particular the documents are relevant given Defendants' position that the policy Plaintiffs allege does not exist and instead "there was an uptake in new arrests and re-arrests in 2025 due to the new administration and executive orders." Dkt. 125 at 5.

**Defendants' Position:** For DPP to apply, a document need only be "predecisional— . . . generated before the adoption of an agency's policy or decision"—and "deliberative in nature, containing opinions, recommendations, or advice about agency policies." *F.T.C. v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). The privilege's "ultimate purpose . . . is to prevent injury to the quality of agency decisions by allowing government officials freedom to debate alternative approaches in private." *In re Sealed Case*, 121 F.3d at 737 (internal punctuation and citation omitted). It "permits the government to withhold documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated. *F.T.C.*, 742 F.2d at 1161.

Here, at issue is a draft-stage document including edits and comments by agency employees reflecting their opinions, recommendations, and advice regarding a pre-decisional strategic plan to meet the goal of 1 million *removals*—notably, *not arrests*, much less arrests of aliens in ongoing removal proceedings. The annotations and revisions reflect pre-decisional deliberations among government employees, illustrating the internal exchange of ideas and recommendations prior to the adoption of any final policy. Thus, the privilege applies.

While the DPP is a qualified one, "[a] litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *F.T.C.*, 742 F.2d at 1161. Of the four factors in this balancing test, Plaintiffs discuss only relevance, ignoring "the availability of other evidence," "the government's role in the litigation," and "the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id.* Plaintiffs' challenge fails for this reason alone, but regardless, their assertion is based on assumption and conflates responsiveness with relevance. Not all documents that are *responsive* to the Court-ordered requests for production are necessarily *relevant* to Plaintiffs' narrow APA claims. Plaintiffs' FAC does not generally challenge the Government's immigration enforcement or the Government's removal policies. Instead, Plaintiffs' challenge is far narrower—an allegation that ICE created a re-detention policy for a subset of aliens in violation of the APA. Plaintiffs' argument that the withheld document is relevant to this litigation is not tethered to their APA claims. Moreover, disclosure of these draft documents would impede the ability of agency employees to engage in candid and independent discussions concerning prospective policies and operational decisions. The DPP protects such internal communications, enabling government employees to freely express their views without fear that their preliminary opinions will be subject to public scrutiny, chilling the development of policy. *See Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 979 (9th Cir. 2009) (deliberative process privilege "shields certain intra-agency communications from disclosure to "allow agencies freely to explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny"); *F.T.C.*, 742 F.2d at 1161 ("Analyses and recommendations play a critical role in the

Commission's decision whether or not to challenge a merger. The memoranda go to the heart of the deliberative and policy-making processes."). Releasing these materials would chill deliberative processes, discouraging employees from participating fully in future discussions related to immigration enforcement.

**Attorney Client-Communication**

**Plaintiffs' Position:** Defendants have not properly justified their invocation of attorney-client communication privilege over GOV00000162-163. Defendants assert that the documents are protected because they "contain communications from ICE employees that discuss legal advice from attorneys at ICE." However, to the extent the communications discuss operational decisions stemming from legal advice—rather than transmitting the legal advice itself—they are not privileged.

The purpose of the attorney client privilege is to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Defendants have not carried their burden to show that the discussions between ***non-attorneys***, which begins with the 12/21/2025 email from San Francisco ICE Chief of Staff Richard Chang, who is not an attorney, are protected by the privilege. Plaintiffs do not dispute that the attorney communications Mr. Chang forwarded are protected by privilege. But once the discussion moves to a group of non-attorneys, a "vague declaration that states only that the document 'reflects' an attorney's advice is insufficient to demonstrate that the document should be found privileged." *Dolby Lab'ys Licensing Corp. v. Adobe Inc*., 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019). That is all Defendants have provided here, and it is insufficient to assert privilege over communications between non-attorneys that operationalize legal advice. "The legal advice requested of counsel, and the advice provided, are privileged, but that's it. Privilege does not descend like a giant fog bank over every document that is in some way connected with an effort to achieve legal compliance." *Epic Games, Inc. v. Apple Inc*., 2024 WL 4947269, at *1 (N.D. Cal. Dec. 2, 2024), *aff'd*, 2024 WL 5318836 (N.D. Cal. Dec. 31, 2024). To the contrary, when non-attorney staff engage in "substantive decisionmaking … to take certain business action," their communications are not privileged—even if that substantive decision-making resulted from attorney advice. *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1128–29 (N.D. Cal. 2003). Because Defendants' description of the communications is insufficient to justify privilege and their redactions do not distinguish between privileged and non-privileged material, Plaintiffs respectfully request that the Court conduct in camera review of GOV00000162-163.

**Defendants' Position:** The attorney-client privilege protects "confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019) (quoting *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011)). The privilege attaches to communications between non-attorneys where "(1) the employees discuss or transmit legal advice given by counsel; and (2) an employee discusses her intent to seek legal advice about a particular issue." *Id.*

Plaintiffs' challenge rests on pure assumption. The challenged redactions consist of communications among ICE employees conveying agency counsel's legal advice. Plaintiffs' assertion that Defendants have improperly mischaracterized and withheld the communications based on their assumption that it "operationalize[d] legal advice" is unfounded. In fact, as Plaintiffs acknowledge, Defendants' privilege assertion rests on the basis that agency employees "discuss[ed] or transmit[ted] legal advice given by counsel." *Id.* at 866. Thus, Plaintiffs' assertion that Defendants have only provided "a vague declaration that states only that the document reflects an attorney's advice" is meritless.

Respectfully Submitted,

/s/ Erin E. Meyer
Erin E. Meyer
Keker, Van Nest & Peters LLP

/s/ Nancy N. Safavi
Nancy N. Safavi
Senior Trial Attorney
TXBN 24042342
Office Of Immigration Litigation
U.S. Dep't of Justice, Civil Division

*Attorney for Defendants*

/s/ Lauren M. Davis
Lauren M. Davis
American Civil Liberties Union Foundation
of Northern California

*Attorneys for Plaintiffs*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

*/s/ Erin E. Meyer*
ERIN E. MEYER

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRESCIO GARRO PINCHI, *et al.*, | No. 5:25-cv-05632-PCP |
| Plaintiffs, | |
| v. | |
| MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*, | **DECLARATION OF GARY M. LAWKOWSKI** |
| Defendants. | |

## DECLARATION OF GARY M . LAWKOWSKI

I, Gary M. Lawkowski, declare:

1.      I currently hold the position of Deputy Assistant to the President and Deputy Counsel to the President.  In this capacity, I am responsible for, among other things, providing legal advice to the President and White House staff, including advice on matters involving the invocation of the presidential communications privilege.

2.      I submit this declaration formally invoking the presidential communications privilege with respect to communications requested in discovery by Plaintiffs.  I base this declaration on my personal knowledge, information made available to me in the performance of my duties, and my knowledge of the issues being litigated in the above-captioned case.

3.      I am aware that, upon consultation with the Office of the Counsel to the President, the United States has withheld certain communications on the basis of the presidential communications privilege.  I understand that descriptions of these documents have been provided to Plaintiffs in a privilege log submitted by the United States to Plaintiffs on May 8, 2026.

1

4.      On behalf of the Office of the President, I hereby assert the presidential communications privilege with respect to all portions of communications revealing communications solicited by and for the benefit of the White House, as requested by Plaintiffs in discovery. The assertion of privilege is based on my personal review of these communications. In making this declaration, I have also relied on descriptions of these communications provided by my staff and on the descriptions of the communications contained in the Government's Privilege Log.

5.      The fact that my assertion is limited to the presidential communications privilege is in no way intended to suggest that these communications are not protected in whole or in part by other privileges.

6.      The communications as to which the presidential communications privilege is being asserted consist of an email describing a request for the Department of Homeland Security ("DHS") from the White House and a draft Memorandum for a White House Deputy Chief of Staff. Together, this email and Memorandum provide updates regarding the DHS's implementation of Presidential Actions, including Executive Orders and Memoranda. These Memoranda were regularly provided to the White House to inform the advice, opinions, and recommendations provided to the President and his senior advisors regarding the shaping of policies and the making of decisions relating to DHS's mission.

7.      These communications as to which the presidential communications privilege is being asserted describe information solicited and prepared for immediate presidential advisors and their staff who have broad and significant responsibility for investigating and formulating advice to be given to the President with respect to decision-making on the subjects of immigration policy and national security. The intended recipient of the Memorandum, a White House Deputy Chief of Staff, is a high-ranking White House staff member who provides support and advice to the President and his senior advisors.

2

8.      The information contained in these communications as to which the presidential communications privilege is being asserted was solicited by the White House and prepared for one of the President's closest advisors for the purpose of allowing him and his staff to assist the President in the process of shaping policies and making decisions.

9.      I believe that, without the protection of the presidential communications privilege over the communications described above, presidential advisors and their staffs would be chilled from gathering relevant information, exploring alternatives, and providing fully informed recommendations regarding the performance of the President's duties.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

10.    I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6 day of July 2026.

Gary M. Lawkowski
Deputy Assistant to the President and
Deputy Counsel to the President

4

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

|  |  |
|---|---|
| FRESCIA GARRO PINCHI, JUANY GALO SANTOS, and JOSE TELETOR SENTE, on behalf of themselves and others similarly situated<br><br>     Petitioner,<br><br>  v.<br><br>SERGIO ALBARRAN, Field Office Director of the San Francisco Immigration and Customs Enforcement Office; MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement, acting in their official capacities; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT<br><br>     Defendants. | Case No. 5:25-CV-5632-PCP<br><br>**DECLARATION OF THOMAS P. BROPHY** |

I, Thomas P. Brophy, do hereby declare and state the following:

1. I am the Acting Deputy Executive Associate Director ("(A) D-EAD") for Enforcement and Removal Operations ('ERO") at U.S. Immigration and Customs Enforcement ("ICE") within the Department of Homeland Security ("DHS").

2. As (A) D-EAD, I report directly to EAD Director Marcos Charles. Prior to becoming (A) D-EAD, I served as Field Office Director for ERO Buffalo as well as previously serving as Deputy Field Office Director for ERO Buffalo, Acting Field Office Director for ERO Boston and Deputy Assistant Director of Field Operations. I have over 30 years of experience in federal law enforcement.

3. As (A) D-EAD of ERO, I am responsible for overseeing programs and operations to identify and apprehend removable aliens, to detain these individuals when necessary, and to remove illegal aliens from the United States. ERO manages all logistical aspects of the removal process,

including domestic transportation, detention, alternative to detention programs, bond management and supervised release. In addition, ERO repatriates aliens ordered removed from the United States to more than 170 countries around the world.

4. I submit this declaration in order to explain how the disclosure of the information protected under the deliberative process privilege in the above-captioned case could undermine the work of ICE.

5. The matters contained in this declaration are based upon my review of the information withheld as protected under the deliberative process privilege in the document produced as responsive to Petitioners Request for Production 1 through 6, my personal knowledge, my knowledge of the documents kept by ICE in the course of ordinary business, and on information provided to me by other ICE employees in the course of my official duties as (A) D-EAD.

## The Deliberative Process Privilege

6. Open and honest exchange of ideas and opinion among ICE employees is necessary to assist final decisionmakers in ensuring that ICE's mission of enforcing federal law and protecting the interest of the United States is executed.  Release of the redacted information in the documents described in this Declaration could chill this exchange and impede decision-making process. This is especially true where, as here, the opinions, proposals, and recommendations of ICE employees may concern controversial approaches to the government's border security, and immigration enforcement, and ICE's priorities. If ICE employees are aware that their opinions, deliberations, and recommendations may be subjected to public disclosure, and the scrutiny and criticism which may follow, the candor of their views would be chilled. This chilling effect is magnified when those opinions, deliberations, and recommendations are taken out of context and not understood in the full context in which they were made or intended. It is vital that pre-

decisional and deliberative communications such as those contained or reflected in the documents referenced herein be protected from disclosure based on the deliberative process privilege.

7. To create a coordinated and cohesive Executive Branch Policy, ICE employees routinely communicate not only with each other, but also with other DHS components including U.S. Customs and Border Protection ("CBP"), and other federal agencies, and the White House. Such communications are part of a larger strategic, decision-making process, often to effectuate policies, programs, executive orders, or other documents. It is crucial that these pre-decisional and deliberative communications be protected, because informed and frank discourse among federal government officials ensures that ideas, even those that are unpopular, are full and properly considered by decision-makers prior to making final decisions.

8. GOV00000847–48: This document contains pre-decisional policy proposals on immigration enforcement plans regarding certain actions to carry out removals in the United States. The document was withheld in full as it is entirely deliberative. Disclosure of the protected material could chill open and candid discussion of ideas by those who participate in the decision-making process regarding policy options, hinder open exchange of ideas within the agency and imped ICE's ability to carry out its mission.

9. I am aware that in the present litigation, the parties have entered into a Stipulated Protective Order, ECF No. 124 and I have reviewed the terms of this Stipulated Protective Order.

10. Although not required under the Federal Rule of Civil Procedure 26, I submit this declaration as the formal assertion invoking the deliberative process for the information withheld contained in this document. The information withheld from this document are the thoughts, opinion, suggestions, and/or recommendations of ICE employees and the exchange of information,

representing pre-decisional, deliberative communications between government agencies about

the United States' position on immigration enforcement policies for which the disclosure could

negatively impact law enforcement operations and harm cooperation with other agencies.

11. Based on the reasons set forth above, I invoke the deliberative process privilege for the

requested information with the government seeks to keep withheld from disclosure.

I declare under penalty of perjury that the foregoing is true and correct.

 Executed this 8th day of July, 2026 at Buffalo, NY.

THOMAS P BROPHY

Digitally signed by THOMAS P
BROPHY
Date: 2026.07.08 14:48:55 -04'00'

Thomas P. Brophy
Acting Deputy Executive Associate Director
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

# EXHIBIT C

| Production Beg Doc List | Production End Doc List | Custodian Name | Email From | Email To | Email CC |
|---|---|---|---|---|---|
| GOV00000017 | GOV00000019 | Orestes Cruz | Chang, Richard F [Richard.F.Chang@ice.dhs.gov] | Bayardo, Joanna [Joanna.Bayardo@ice.dhs.gov]; Cruz, Orestes [orestes.cruz@ice.dhs.gov] | Lawton, Danielle N [Danielle.N.Lawton@ice.dhs.gov] |
| GOV00000020 | GOV00000022 | Orestes Cruz | Bayardo, Joanna [Joanna.Bayardo@ice.dhs.gov] | Cruz, Orestes [orestes.cruz@ice.dhs.gov]; Chang, Richard F [Richard.F.Chang@ice.dhs.gov] | Lawton, Danielle N [Danielle.N.Lawton@ice.dhs.gov] |
| GOV00000023 | GOV00000025 | Orestes Cruz | Cruz, Orestes [orestes.cruz@ice.dhs.gov] | Bayardo, Joanna [Joanna.Bayardo@ice.dhs.gov]; Chang, Richard F [Richard.F.Chang@ice.dhs.gov] | Lawton, Danielle N [Danielle.N.Lawton@ice.dhs.gov] |
| GOV00000026 | GOV00000026 | Orestes Cruz | Yim, Dong H [Dong.H.Yim@ice.dhs.gov] | ero-sfr-pocs-dom-ops [ero-sfr-pocs-dom-ops@icegov.onmicrosoft.com]; ero-spm-pocs-dom-ops [ero-spm-pocs-dom-ops@icegov.onmicrosoft.com] | |
| GOV00000027 | GOV00000038 | Orestes Cruz | | | |
| GOV00000047 | GOV00000053 | Cesar Contreras | Chang, Richard F [Richard.F.Chang@ice.dhs.gov] | Lind, Joshua J [Joshua.J.Lind@ice.dhs.gov]; Bayardo, Joanna [Joanna.Bayardo@ice.dhs.gov]; Bolanos, Liza M [Liza.M.Bolanos@ice.dhs.gov]; Chang, Richard F [Richard.F.Chang@ice.dhs.gov]; Contreras, Cesar [Cesar.Contreras@ice.dhs.gov]; Makaena, Kathy U [Kathy.U.Makaena@ice.dhs.gov]; Maldonado, Tamara M [Tamara.M.Maldonado@ice.dhs.gov]; Momrow, Darin T [Darin.T.Momrow@ice.dhs.gov]; Pham, Alexander [Alexander.Pham@ice.dhs.gov]; Starr, Manuel A [Manuel.A.Starr@ice.dhs.gov] | Cruz, Orestes [orestes.cruz@ice.dhs.gov]; Bailey, Johnny J [Johnny.J.Bailey@ice.dhs.gov]; Albarran, Sergio [Sergio.Albarran@ice.dhs.gov]; Lawton, Danielle N [Danielle.N.Lawton@ice.dhs.gov] |
| GOV00000121 | GOV00000122 | Johnny Bailey | Lichine, Kaevan [Kaevan.Lichine@ice.dhs.gov] | Anderson, Jacob W [Jacob.W.Anderson@ice.dhs.gov]; Atoigue Jr, John T [John.T.AtoigueJr@ice.dhs.gov]; Baldocchi, Patrick [Patrick.Baldocchi@ice.dhs.gov]; Barajas, Maria D [Maria.D.Barajas@ice.dhs.gov]; Buchanan, James C [James.C.Buchanan@ice.dhs.gov]; Caballero, Anthony [Anthony.Caballero@ice.dhs.gov]; Castaneda Ulloa, Andrea [Andrea.CastanedaUlloa@ice.dhs.gov]; Centeno, Ronnie [Ronnie.Centeno@ice.dhs.gov]; Chavez-Ochoa, Daniel [Daniel.Chavez-Ochoa@ice.dhs.gov]; Chuong, Thanh A [Thanh.A.Chuong@ice.dhs.gov]; Dominguez, Ismael [Ismael.Dominguez@ice.dhs.gov]; Drinkard, Antone J [Antone.J.Drinkard@ice.dhs.gov]; Freeland, Justin W [Justin.W.Freeland@ice.dhs.gov]; French, Cameron A [Cameron.A.French@ice.dhs.gov]; Galindo, Marco A [Marco.A.Galindo@ice.dhs.gov]; Gallant, Greg [Greg.Gallant@ice.dhs.gov]; Ghuman, Inder S [Inder.S.Ghuman@ice.dhs.gov]; Her, Peter [Peter.Her@ice.dhs.gov]; Hernandez, Deric L [Deric.L.Hernandez@ice.dhs.gov]; Jager, Kenneth J [Kenneth.J.Jager@ice.dhs.gov]; Johnson, David E [David.E.Johnson@ice.dhs.gov]; Liborio, Ruby [Ruby.Liborio@ice.dhs.gov]; Macway, Jeremiah C [Jeremiah.C.Macway@ice.dhs.gov]; Maduike, Patrick [Patrick.Maduike@ice.dhs.gov]; Mardar, Stanislav [Stanislav.Mardar@ice.dhs.gov]; Marin, Michael E [Michael.E.Marin@ice.dhs.gov]; Medina, Christopher W [Christopher.W.Medina@ice.dhs.gov]; Medina, Stephanie [Stephanie.Medina@ice.dhs.gov]; Mora-Ochoa, Angelica Y [Angelica.Y.Mora-Ochoa@ice.dhs.gov]; Nazer, James [James.Nazer@ice.dhs.gov]; Oliveira, Mark D [Mark.D.Oliveira@ice.dhs.gov]; Ore, Donna [Donna.Ore@ice.dhs.gov]; Perez, Brenda M [Brenda.M.Perez@ice.dhs.gov]; Poe, Thomas [Thomas.Poe@ice.dhs.gov]; Ralston, Jason C [Jason.C.Ralston@ice.dhs.gov]; Ramirez, Maira A [Maira.A.Ramirez@ice.dhs.gov]; Razaqpur, Ali [Ali.Razaqpur@ice.dhs.gov]; Singh, Deepak [Deepak.Singh@ice.dhs.gov]; Smith, Marvin [Marvin.Smith@ice.dhs.gov]; Stephens, Dustin M [Dustin.M.Stephens@ice.dhs.gov]; Sullivan, Stephen [Stephen.Sullivan@ice.dhs.gov]; Ujiiye, Kailer [Kailer.Ujiiye@ice.dhs.gov]; Velazquez-Dominguez, Anthony [Anthony.Velazquez-Dominguez@ice.dhs.gov]; Williams, Christian [Christian.Williams@ice.dhs.gov]; Winter, Tyler [Tyler.Winter@ice.dhs.gov] | KKPANNU2 [kkpannu2@fbi.gov]; Miller, Stephen R [Stephen.R.Miller@ice.dhs.gov]; Lind, Joshua J [Joshua.J.Lind@ice.dhs.gov]; Chaix, Ryan W [Ryan.W.Chaix@ice.dhs.gov]; Robertson, Danny E [Danny.E.Robertson@ice.dhs.gov]; Fang, Shijie [Shijie.Fang@ice.dhs.gov]; Bailey, Johnny J [Johnny.J.Bailey@ice.dhs.gov]; Sacramento ERO Control [SacramentoEROControl@ice.dhs.gov] |
| GOV00000142 | GOV00000143 | Liza Bolanos | Park, Byoung C [Byoung.C.Park@ice.dhs.gov] | Bolanos, Liza M [Liza.M.Bolanos@ice.dhs.gov] | Griffin, Kurt E [Kurt.E.Griffin@ice.dhs.gov] |
| GOV00000144 | GOV00000148 | Liza Bolanos | | | |
| GOV00000149 | GOV00000151 | Liza Bolanos | Park, Byoung C [Byoung.C.Park@ice.dhs.gov] | Bolanos, Liza M [Liza.M.Bolanos@ice.dhs.gov] | Griffin, Kurt E [Kurt.E.Griffin@ice.dhs.gov] |
| GOV00000152 | GOV00000154 | Liza Bolanos | Sayama, Rodney [Rodney.Sayama@ice.dhs.gov] | Bolanos, Liza M [Liza.M.Bolanos@ice.dhs.gov] | Makaena, Kathy U [Kathy.U.Makaena@ice.dhs.gov] |
| GOV00000155 | GOV00000157 | Liza Bolanos | Griffin, Kurt E [Kurt.E.Griffin@ice.dhs.gov] | Park, Byoung C [Byoung.C.Park@ice.dhs.gov]; Bolanos, Liza M [Liza.M.Bolanos@ice.dhs.gov] | |

| Email BCC | Privilege Designation | Privilege Description | Email Subject | File Name | Email Sent Date | Family Date | File Extension | Document Type |
|---|---|---|---|---|---|---|---|---|
| | Deliberative Process | DPP: Reveals pre-decisional deliberations among government employees containing opinions and recommendations concerning agency policy and contemplated steps which may be taken related to agency decisions. | RE: Garcia-Ramirez adverse order - case determination | | 12/20/2025 12:14:37 AM | 12/20/2025 12:14:37 AM | .msg | EMail |
| | Deliberative Process | DPP: Reveals pre-decisional deliberations among government employees containing opinions and recommendations concerning agency policy and contemplated steps which may be taken related to agency decisions. | RE: Garcia-Ramirez adverse order - case determination | | 12/20/2025 12:13:36 AM | 12/20/2025 12:13:36 AM | .msg | EMail |
| | Deliberative Process | DPP: Reveals pre-decisional deliberations among government employees containing opinions and recommendations concerning agency policy and contemplated steps which may be taken related to agency decisions. | RE: Garcia-Ramirez adverse order - case determination | | 12/19/2025 11:55:44 PM | 12/19/2025 11:55:44 PM | .msg | EMail |
| | PCP | PCP: Reveals communications solicited by and for benefit of the White House concerning the shaping and implementaiton of immigration policies. | Due: 11/11/2025 NLT 1600 EST => ERO TASKER - 26113014 | | 11/10/2025 09:12:54 PM | 11/10/2025 09:12:54 PM | .msg | EMail |
| | Deliberative Process;Law Enforcement;PCP | PCP: Draft memorandum for White House Deputy Chief of Staff concerning the shaping and implementation of immigration policies. DPP: Draft memorandum containing opinions and recommendations concerning agency policies and actions which may be taken related to Executive decisions. LEP: Draft memorandum reveals enforcement policies and procedures the disclosure of which could adversely impact ongoing or future law enforcement operations and risk circumvention or evasion of the law. | | 26113014 - PLCY_Draft_11_17_Weekly_RFI_EO_Implementation.docx | | 11/10/2025 09:12:54 PM | .docx | EMail Attachment |
| | Attorney Client Communication | AC: Reveals email communication between agency employees and agency attorney for purposes of soliciting and providing legal advice concerning litigation and agency guidance. | Fw: Class Decision - Pinchi et al v. Noem et al, CD Cal 5:25-cv-5632-PCP - Next Steps | EWI Re arresting.msg | 12/21/2025 01:04:45 AM | 12/21/2025 01:04:45 AM | .msg | EMail |
| | Law Enforcement | LEP: Reveals law enforcement techniques and procedures the disclosure of which could adversely impact ongoing or future law enforcement operations and risk circumvention or evasion of the law. | *** Operation Highway Sentinel II  ***Please Read*** | | 02/24/2026 07:05:25 PM | 02/24/2026 07:05:25 PM | .msg | EMail |
| | Law Enforcement | LEP: Reveals law enforcement techniques, procedures, and assets the disclosure of which could adversely impact ongoing or future law enforcement operations and risk circumvention or evasion of the law. | FW: San Francisco ERO Site | | 01/23/2026 08:32:07 PM | 01/23/2026 08:32:07 PM | .msg | EMail |
| | Law Enforcement | LEP: Reveals law enforcement techniques, procedures, and assets the disclosure of which could adversely impact ongoing or future law enforcement operations and risk circumvention or evasion of the law. | | Rapid DNA Collection Guidance Final.docx | | 01/23/2026 08:32:07 PM | .docx | EMail Attachment |
| | Law Enforcement | LEP: Reveals law enforcement techniques, procedures, and assets the disclosure of which could adversely impact ongoing or future law enforcement operations and risk circumvention or evasion of the law.. | RE: San Francisco ERO Site | | 01/23/2026 08:59:59 PM | 01/23/2026 08:59:59 PM | .msg | EMail |
| | Law Enforcement | LEP: Reveals law enforcement techniques, procedures, and assets the disclosure of which could adversely impact ongoing or future law enforcement operations and risk circumvention or evasion of the law. | RE: San Francisco ERO Site | | 01/23/2026 09:01:52 PM | 01/23/2026 09:01:52 PM | .msg | EMail |
| | Law Enforcement | LEP: Reveals law enforcement techniques, procedures, and assets the disclosure of which could adversely impact ongoing or future law enforcement operations and risk circumvention or evasion of the law. | RE: San Francisco ERO Site | | 01/23/2026 09:04:25 PM | 01/23/2026 09:04:25 PM | .msg | EMail |

| Production Beg Doc List | Production End Doc List | Custodian Name | Email From | Email To | Email CC |
|---|---|---|---|---|---|
| GOV00000158 | GOV00000161 | Liza Bolanos | Griffin, Kurt E [Kurt.E.Griffin@ice.dhs.gov] | Bolanos, Liza M [Liza.M.Bolanos@ice.dhs.gov] | |
| GOV00000162 | GOV00000169 | Liza Bolanos | Starr, Manuel A [Manuel.A.Starr@ice.dhs.gov] | Bolanos, Liza M [Liza.M.Bolanos@ice.dhs.gov]; Louie, Kenny T [Kenny.T.Louie@ice.dhs.gov]; Sia, Joseph A [Joseph.A.Sia@ice.dhs.gov] | |
| GOV00000170 | GOV00000175 | Liza Bolanos | Pham, David T [David.T.Pham@ice.dhs.gov] | Szeto, Katy [Katy.Szeto@ice.dhs.gov]; Dinh, Roger H [Roger.H.Dinh@ice.dhs.gov]; Starr, Manuel A [Manuel.A.Starr@ice.dhs.gov]; Sandoval, Benito [Benito.Sandoval@ice.dhs.gov]; Li, Jarvin J [Jarvin.J.Li@ice.dhs.gov]; Rili, Stanley A [Stanley.A.Rili@ice.dhs.gov]; Sia, Joseph A [Joseph.A.Sia@ice.dhs.gov]; Kaskanlian, Andrew [Andrew.Kaskanlian@ice.dhs.gov] | # SFR OCC MGMT ICE [SFROCCMGMTICE@ice.dhs.gov]; Bolanos, Liza M [Liza.M.Bolanos@ice.dhs.gov] |
| GOV00000176 | GOV00000179 | Liza Bolanos | Starr, Manuel A [Manuel.A.Starr@ice.dhs.gov] | Sandoval, Benito [Benito.Sandoval@ice.dhs.gov]; Sia, Joseph A [Joseph.A.Sia@ice.dhs.gov]; Cepeda, Kenneth B [Kenneth.B.Cepeda@ice.dhs.gov]; Taylor, Michael L [Michael.L.Taylor@ice.dhs.gov]; Rili, Stanley A [Stanley.A.Rili@ice.dhs.gov]; Szeto, Katy [Katy.Szeto@ice.dhs.gov]; Louie, Kenny T [Kenny.T.Louie@ice.dhs.gov]; Ng, Gwendolyn [Gwendolyn.Ng@ice.dhs.gov]; Penn, Soperne Lucas [Soperne.L.Penn@ice.dhs.gov]; Taitague, Anthony C [Anthony.C.Taitague@ice.dhs.gov]; Pham, David T [David.T.Pham@ice.dhs.gov]; Kaskanlian, Andrew [Andrew.Kaskanlian@ice.dhs.gov] | Bolanos, Liza M [Liza.M.Bolanos@ice.dhs.gov]; Lawton, Danielle N [Danielle.N.Lawton@ice.dhs.gov] |
| GOV00000180 | GOV00000180 | Liza Bolanos | Gabe, Matthew S [Matthew.S.Gabe@ice.dhs.gov] | Lazalde Jr., Anthony D [Anthony.D.LazaldeJr@ice.dhs.gov] | Bolanos, Liza M [Liza.M.Bolanos@ice.dhs.gov]; Chang, Richard F [Richard.F.Chang@ice.dhs.gov]; Starr, Manuel A [Manuel.A.Starr@ice.dhs.gov]; Hannett, Mary J [Mary.J.Hannett@ice.dhs.gov] |
| GOV00000251 | GOV00000252 | Cesar Contreras | ICE-OPLA-SFR-FedLit-SM [ICE-OPLA-SFR-FedLit-SM@ice.dhs.gov] | BKIDETAINED, [BKIDETAINED@ice.dhs.gov] | ICE-OPLA-SFR-FedLit-SM [ICE-OPLA-SFR-FedLit-SM@ice.dhs.gov] |
| GOV00000271 | GOV00000276 | Cesar Contreras | Dextre, Christopher W (CIV) [Christopher.W.Dextre@usdoj.gov] | BKIDETAINED, [bkidetained@ice.dhs.gov]; ICE-OPLA-SFR-FedLit-SM [ice-opla-sfr-fedlit-sm@ice.dhs.gov] | USACAE-ECF2241-IMM [USACAE.ECF2241-IMM@usdoj.gov] |
| GOV00000277 | GOV00000279 | Cesar Contreras | Dextre, Christopher W (CIV) [Christopher.W.Dextre@usdoj.gov] | BKIDETAINED, [bkidetained@ice.dhs.gov]; ICE-OPLA-SFR-FedLit-SM [ice-opla-sfr-fedlit-sm@ice.dhs.gov] | USACAE-ECF2241-IMM [USACAE.ECF2241-IMM@usdoj.gov]; Civ-OIL-Adverse Team [Civ-OIL-AdverseTeam@CIV.USDOJ.GOV] |
| GOV00000847 | GOV00000848 | Liana Castano | | | |

| Email BCC | Privilege Designation | Privilege Description | Email Subject | File Name | Email Sent Date | Family Date | File Extension | Document Type |
|---|---|---|---|---|---|---|---|---|
| | Law Enforcement | LEP: Reveals law enforcement techniques, procedures, and assets the disclosure of which could adversely impact ongoing or future law enforcement operations and risk circumvention or evasion of the law. | RE: San Francisco ERO Site | | 01/23/2026 09:12:16 PM | 01/23/2026 09:12:16 PM | .msg | EMail |
| | Attorney Client Communication | AC: Reveals communication and emails between agency employees and agency attorneys, and agency attorneys and DOJ attorneys, for purposes of soliciting and/or providing legal advice concerning litigation and agency guidance. | RE: Class Decision - Pinchi et al v. Noem et al, CD Cal 5:25-cv-5632-PCP - Next Steps | | 12/21/2025 11:31:32 AM | 12/21/2025 11:31:32 AM | .msg | EMail |
| | Attorney Client Communication;Attorney Work Product | AC: Reveals email between agency employees and agency attorneys for purposes of soliciting and providing legal advice concerning litigation. AWP: Reveals draft strategy prepared by agency attorney in anticipation of litigation that tends to reveal attorney mental impressions. | RE: New Habeas for Today's (9/6/2025) Arrest - Rachana DUONG (A023-894-586) // Fed Lit // ND 25-7598 | | 09/07/2025 03:39:06 AM | 09/07/2025 03:39:06 AM | .msg | EMail |
| | Attorney Client Communication | AC: Reveals communication between agency employees and agency attorneys for purposes of providing legal advice concerning litigation. | FW: Interim Guidance Regarding Detention Authority for Applicants for Admission | | 07/24/2025 08:50:07 PM | 07/24/2025 08:50:07 PM | .msg | EMail |
| | Attorney Client Communication | AC: Reveals communication between agency employees and agency attorneys for purposes of providing legal advice concerning litigation. | TRO GRANTED - 25-cv-05632-RMI GARRO PINCHI v. Noem | | 07/30/2025 11:07:04 PM | 07/30/2025 11:07:04 PM | .msg | EMail |
| | Attorney Client Communication | AC: Reveals communication between agency employees and agency attorneys for purposes of soliciting and providing legal advice concerning litigation. | Viacheslav Zhukov (A249381558)//New habeas petition// ED 26-1898 | | 03/10/2026 04:56:58 PM | 03/10/2026 04:56:58 PM | .msg | EMail |
| | Attorney Client Communication | AC: Reveals communication between agency employees and agency attorneys, and agency attorneys and DOJ attorneys, for purposes of providing legal advice concerning litigation. | RE: Williams-Urbina (A246-223-147) // Petition granted; Immediate Release ordered; Case to be closed // 26-1768 | | 03/10/2026 05:17:37 PM | 03/10/2026 05:17:37 PM | .msg | EMail |
| | Attorney Client Communication | AC: Reveals communication between agency employees and agency attorneys, and agency attorneys and DOJ attorneys, for purposes of providing legal advice concerning litigation. | RE: Sacul-Para, Ezner Franklin Vinicio 201 519 328// Petition granted; Immediate Release ordered; Case closed //ED-26-712 | | 03/10/2026 05:33:13 PM | 03/10/2026 05:33:13 PM | .msg | EMail |
| | Deliberative Process | DPP: Reveals memorandum by government employees containing proposal concerning immigration policy and contemplated agency decisions. | | ERO Removals up to 1M Strategic Plan_LESA v1.docx | | 02/03/2025 12:25:40 PM | .docx | EMail Attachment |