United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESCIA GARRO PINCHI, et al.,<br>Plaintiffs,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Defendants. | Case No. 25-cv-05632-PCP<br><br>**ORDER RE: OUTSTANDING DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 162, 163, 164, 166, 168 |

In this action under the Administrative Procedure Act, a group of non-citizen plaintiffs challenge the alleged implementation of a new and unwritten "re-detention policy" pursuant to which the Department of Homeland Security (DHS) authorizes its agents to re-detain previously released non-citizens without first making individualized determinations of changed circumstances justifying such detention—that is, without determining that changed circumstances now demonstrate that the non-citizens pose a flight risk or danger to the public. Plaintiffs allege that DHS began implementing the challenged policy in May 2025. Defendants deny the implementation of any re-detention policy at that time. To facilitate the resolution of that factual dispute, the Court granted plaintiffs' motion for extra-record discovery on April 10, 2026. In that order, the Court explained that "the appropriate scope of discovery is limited to (1) if there is a re-detention policy; (2) what the re-detention policy is; (3) when the re detention [policy] began; and (4) why DHS decided to implement the re-detention policy." Dkt. No. 130 at 5 (cleaned up). The Court also instructed the parties to meet and confer concerning plaintiffs' requests for production and, if they could not reach agreement as to the proper scope of such requests, to file a discovery letter brief setting forth their outstanding disputes. Unable to reach an agreement, the parties filed a joint letter brief. The Court granted all but one of plaintiffs' proposed requests for production. *See* Dkt. No. 134.

Defendants subsequently produced a number of records while asserting privilege over a substantial number of other documents. Plaintiffs sent defendants a letter challenging some assertions of privilege on August 21, 2026. *See* Letter Brief Regarding Plaintiffs' Requests for Production, Dkt. No. 162. Plaintiffs and defendants filed separate briefs related to the outstanding disputes. *See* Dkt. Nos. 162, 163, 164, 166. The Court ordered the parties to continue to meet and confer regarding the outstanding disputes and to submit a revised joint letter brief setting forth the remaining scope of their dispute and their respective positions. *See* Dkt. No. 167.

**A. ICE Enforcement and Removal Operations Custody Redetermination Policy**

Plaintiffs seek production of all documents related to the Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) custody redetermination policy. They identify documents, produced by defendants through discovery, stating that class members were rearrested pursuant to an "ICE ERO custody redetermination policy" in June 2025. Joint Letter Brief, Dkt. No. 168, at 1. Defendants contend that no such policy exists, and that the "policy" referenced in those June 2025 documents refers instead to a July 8, 2025, memorandum. The Court has already ordered the production of any documents related to DHS's alleged policy. *See* Dkt. No. 130. It is unclear whether defendants have searched for the documents related to the ICE ERO custody redetermination policy. But to the extent that defendants have already searched for the relevant documents, the Court concludes that defendants must declare under penalty of perjury that they have done so.

**B. A-Files**

Plaintiffs seek production of certain A-Files, which they have identified in Appendix E. *See* Dkt. No. 168. The Court previously ordered the production of the A-Files. *See* Order re: Plaintiffs' Requests for Production, Dkt. No. 134, at 4 (requiring the production of "A-files for all former or current class members or sub-class members who have been re-arrested or re-detained from January 20, 2025 to present"). Defendants have now agreed to produce those files, so the only remaining dispute is the date by which the files must be produced. Defendants are ordered to produce the A-Files by October 9, 2026.

**C. Apprehension Logs**

Plaintiffs seek production of spreadsheets that identify individuals arrested in the San Francisco Area of Responsibility on a given day or month, referred to as apprehension logs, for the period from May 1, 2025, to April 30, 2026. Defendants contend that the request is too burdensome. These documents are highly relevant because they may allow plaintiffs to identify class members. Because defendants have not made a showing of burden sufficient to overcome the relevance of the documents, the Court concludes that that production of the requested apprehension logs is required.

**D. Documents for Which Defendants Assert the Attorney Client Privilege**

Plaintiffs seek production of documents that contain communications with ICE's in-house counsel at the Office of the Principal Legal Adviser. Defendants assert attorney client privilege over those documents. "The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, ... as well as an attorney's advice in response to such disclosures," *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (quoting *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997)), but "[t]he fact that a person is a lawyer does not make all communications with that person privileged," *id.* (quoting *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002)). The Court is unable to determine whether defendants' assertions of attorney client privilege are warranted without reviewing the documents. Accordingly, the Court concludes *in camera* review is necessary before deciding this issue.

**E. Documents for Which Defendants Assert the Deliberative Process Privilege**

Plaintiffs seek production of various documents over which defendants assert deliberative process privilege. The Ninth Circuit has "held that '[a] litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure.'" *Karnoski v. Trump*, 926 F.3d 1180, 1206 (9th Cir. 2019) (quoting *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984)). The court "balance[s] four factors in determining whether this exception to the deliberative process privilege is met: '1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion

regarding contemplated policies and decisions.'" *Id.* (quoting *Warner*, 742 F.2d at 1161). Although defendants submitted a declaration from Samuel J. Olson, Acting Deputy Executive Associate Director for ERO at ICE, the declaration fails to address the documents identified in Appendix B.1. Accordingly, defendants have failed to support their invocation of the deliberative process privilege as to the documents identified in Appendix B.1. Defendants must produce those documents to plaintiffs by October 9, 2026.

The Court is unable to determine whether defendants' assertions of deliberative process privilege over the remaining documents—those identified in Appendix B.2—are warranted without reviewing them. Accordingly, the Court concludes that *in camera* review is necessary before it can decide whether defendants have properly asserted the deliberative process privilege as to those documents.

**F. Documents for which Defendants Assert the Law Enforcement Privilege**

Plaintiffs seek production of three documents over which defendants assert law enforcement privilege: GOV-00125846, GOV-00127089, and GOV-00059852. "The party asserting the [law enforcement] privilege must make a 'substantial threshold showing.'" *United States v. Ellis*, 13-CR-00818-PJH(DMR), 2017 WL 1164172, at *3 (N.D. Cal. Mar. 29, 2017) (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995)). And "[i]n order to fulfill this requirement, the party opposing disclosure must submit a declaration or affidavit from a 'responsible official with personal knowledge of the matters to be attested to in the affidavit.'" *Id.* (quoting *Soto*, 162 F.R.D. at 613). The Olson declaration does not address GOV-00125846 or GOV-00059852. Accordingly, defendants have failed to support their invocation of the law enforcement privilege over those two documents. Defendants are ordered to produce those two documents to plaintiffs by October 9, 2026.

The Court is unable to determine whether defendants' assertion of deliberative process privilege over the remaining document, GOV-00127089, is warranted without reviewing it. Accordingly, the Court concludes that *in camera* review is necessary before deciding whether defendants have a proper basis for asserting that the law enforcement privilege protects that document.

**G. Documents for Which Defendants Assert the Presidential Communications Privilege**

Plaintiffs seek production of various documents over which defendants assert presidential communications privilege. The presidential communications privilege "protects 'communications directly involving and documents actually viewed by the President,' as well as documents 'solicited and received' by the President or his 'immediate White House advisers [with] ... broad and significant responsibility for investigating and formulating the advice to be given the President.'" *Karnoski v. Trump*, 926 F.3d 1180, 1203 (9th Cir. 2019) (alteration in original) (quoting *Jud. Watch, Inc. v. Dep't of Just.*, 365 F.3d 1108, 1114 (D.C. Cir. 2004)). The Court is unable to determine whether defendants' assertions of presidential communications privilege are warranted without reviewing the applicable privilege logs. Accordingly, the Court will defer any ruling on this privilege until it has received and reviewed those logs.

For the foregoing reasons, the Court orders the following:

1. Defendants must file, by October 9, 2026, a declaration stating that DHS has conducted a search for documents related to the "ICE ERO custody redetermination policy" referenced in the June 2025 documents and that the agency has produced, or will produce unless privileged, any such documents relating to that phrase or statement. Defendants must also file, by October 9, 2026, a declaration stating DHS's understanding of what is being referred to by the phrase "ICE ERO custody redetermination policy" in the June 2025 documents.
2. Defendants must produce the A-Files identified in Appendix E, Dkt. No. 168, by October 9, 2026. Within two weeks of the completion of that production, plaintiffs may file a supplement their motion for summary judgment. Defendants must respond to the motion for summary judgment and any supplement to the motion for summary judgment by November 13, 2026.
3. Defendants must produce monthly apprehension logs for the period from May 1, 2025, to April 30, 2026, by October 9, 2026.
4. By September 29, 2026, defendants must provide the Court with two copies—one unredacted copy and one redacted copy—of the documents identified in Appendix A, Dkt.

No. 168, for which they assert the attorney-client privilege.

5. Defendants must produce the documents identified in Appendix B.1, Dkt. No. 168, by October 9, 2026.

6. By September 29, 2026, Defendants must provide the Court with two copies—one unredacted copy and one redacted copy—of the documents identified in Appendix B.2, Dkt. No. 168, for which they assert the deliberative process.

7. Defendants must produce GOV-00125846 and GOV-00059852, identified in Appendix C, Dkt. No. 168, by October 9, 2026.

8. By September 29, 2026, defendants must provide the Court with two copies—one unredacted copy and one redacted copy—of GOV-00127089, identified in Appendix C, Dkt. No. 168.

9. The parties must provide the Court with copies of any privilege log entries relating on the outstanding discovery disputes by September 24, 2026.

10. Defendants must endeavor to produce by the close of business on September 23, 2026, the 17 documents for which defendants withdrew their assertions of privilege in the letter dated September 16, 2026. *See* Dkt. No. 168. If those documents are produced later than September 23, 2026, plaintiffs may address those documents, to the degree necessary, in their supplement to their motion for summary judgment.

**IT IS SO ORDERED.**

Dated: September 24, 2026

P. Casey Pitts
United States District Judge