UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRESCIA GARRO PINCHI, et al.,
Plaintiffs,

v.

MARKWAYNE MULLIN, et al.,
Defendants.

Case No. 25-cv-05632-PCP

**ORDER ON OUTSTANDING DISCOVERY DISPUTES**

Re: Dkt. Nos. 168, 173

In this Administrative Procedure Act action, a group of non-citizen plaintiffs challenge the alleged implementation of a new and unwritten "re-detention policy" pursuant to which the Department of Homeland Security (DHS) authorizes its agents to re-detain previously released non-citizens without first making individualized determinations of changed circumstances justifying such detention—that is, without determining that changed circumstances now demonstrate that the non-citizens pose a flight risk or danger to the public. Plaintiffs allege that DHS began implementing the challenged policy in May 2025. Defendants deny the implementation of any re-detention policy at that time. To facilitate the resolution of that factual dispute, the Court granted plaintiffs' motion for extra-record discovery on April 10, 2026. In that order, the Court explained that "the appropriate scope of discovery is limited to (1) if there is a re detention policy; (2) what the re-detention policy is; (3) when the re detention [policy] began; and (4) why DHS decided to implement the re-detention policy." Dkt. No. 130 at 5 (cleaned up). The Court also instructed the parties to meet and confer concerning plaintiffs' requests for production and, if they could not reach agreement as to the proper scope of such requests, to file a discovery letter brief setting forth their outstanding disputes. Unable to reach an agreement, the parties filed a joint letter brief. The Court granted all but one of plaintiffs' proposed requests for production. *See* Dkt. No. 134.

United States District Court
Northern District of California

Defendants subsequently produced a number of records while asserting privilege over a substantial number of other documents. Plaintiffs sent defendants a letter challenging some assertions of privilege on August 21, 2026. *See* Letter Brief Regarding Plaintiffs' Requests for Production, Dkt. No. 162. Plaintiffs and defendants filed separate briefs related to the outstanding disputes. *See* Dkt. Nos. 162, 163, 164, 166. The Court ordered the parties to continue to meet and confer regarding the outstanding disputes and to submit a revised joint letter brief setting forth the remaining scope of their dispute and their respective positions. *See* Dkt. No. 167. The parties did so. *See* Dkt. No. 168. After a hearing on those remaining disputes, the Court ordered production of certain documents, transmission of other documents to the Court for *in camera* review, and submission of the privilege logs to the Court for the documents that remained in dispute. *See* Dkt. No. 173. This order addresses the remaining privilege disputes.

**I. Documents for Which Defendants Assert the Attorney Client Privilege**

Plaintiffs seek production of documents that contain communications with Immigration and Customs Enforcement (ICE) in-house counsel at the Office of the Principal Legal Adviser (OPLA). Defendants assert attorney client privilege over those documents. "The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, ... as well as an attorney's advice in response to such disclosures," *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (quoting *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997)), but "[t]he fact that a person is a lawyer does not make all communications with that person privileged," *id.* (quoting *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002)). "Generally, 'a party asserting the attorney-client privilege has the burden of establishing the [existence of an attorney-client] relationship and the privileged nature of the communication.'" *Greer v. Cnty. of San Diego*, 127 F.4th 1216, 1224 (9th Cir. 2025) (alteration in original) (quoting *Ruehle*, 583 F.3d at 607). Courts "apply an 'eight-part test' to determine whether the information in dispute is covered by the attorney-client privilege." *Id.* The Ninth Circuit has outlined those eight elements as follows:

> '(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from

disclosure by himself or by the legal adviser, (8) unless the protection be waived.'

*Id.* (quoting *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010)). In the Ninth Circuit, "the primary-purpose test applies to attorney-client privilege claims for dual-purpose communications." *Id.* (quoting *In re Grand Jury*, 23 F.4th 1088, 1092 (9th Cir. 2021). "Under the primary-purpose test, 'courts look at whether the primary purpose of the communication is to give or receive legal advice, as opposed to business or [other non-legal] advice.'" *Id.* (alteration in original) (quoting *Grand Jury*, 23 F.4th at 1091). Following *in camera* review of the disputed documents, the Court makes the following determinations:

GOV-00053470, GOV-00053698, GOV-00055528, GOV-00058316, GOV-00058317, GOV-00059895, GOV-00059907, GOV-00061989, GOV-00070556, and GOV-00139247 involve legal advice being sought from a legal advisor in their capacity as such, the communications relate to that purpose and were made in confidence, the communications are protected from disclosure, and the privilege has not been waived. *Greer*, 127 F.4th at 1224; *Graf*, 610 F.3d at 1156. On review, it is also clear that legal advice was the primary purpose of the documents. *Greer*, 127 F.4th at 1224; *Grand Jury*, 23 F.4th at 1092. As a result, plaintiffs have not overcome the attorney client privilege, and defendants have properly withheld GOV-00053470, GOV-00053698, GOV-00055528, GOV-00058316, GOV-00058317, GOV-00059895, GOV-00059907, GOV-00061989, GOV-00070556, and GOV-00139247.

With respect to GOV-00054103, GOV-00054662, GOV-00054666, GOV-00054678, GOV-00054680, GOV-00056139, GOV-00056149, GOV-00126608, GOV-00146465, GOV-00126563, and GOV-00126600, the Court concludes that although the communications involve one or more attorneys, no legal advice of any kind was being offered. *See Grand Jury*, 23 F.4th at 1092 (noting that "the attorney-client privilege 'protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege.'" (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976))). The Court further concludes that legal advice was not a primary purpose of any of the communications. *Greer*, 127 F.4th at 1224, *In re Grand Jury*, 23 F.4th at 1092. There is no indication that the communications were the result of OPLA's need to give legal advice, but even if they were, under the primary purpose test, defendants "must do more

United States District Court
Northern District of California

than show the 'dual-purpose communication was made 'because of' the need to give or receive legal advice.'" *Epic Games, Inc. v. Apple Inc.*, 161 F.4th 1162, 1179 (9th Cir. 2025), cert. granted in part, 146 S. Ct. 2812 (2026) (quoting *Grand Jury*, 23 F.4th at 1092). As a result, defendants have improperly withheld GOV-00054103, GOV-00054662, GOV-00054666, GOV-00054678, GOV-00054680, GOV-00056139, GOV-00056149, GOV-00126608, GOV-00146465, GOV-00126563, and GOV-00126600, and plaintiffs' request to compel production of those documents is granted.[1]

Having reviewed GOV-00059900, GOV-00061636, GOV-00061655, GOV-00061699, GOV-00062035, GOV-00062158, GOV-00061707, and GOV-00061659, the Court concludes that the documents largely do not contain legal advice and therefore must be produced in full, except with respect to the following:

- GOV-00059900: Defendants may leave redacted the second paragraph of page 2, which contains legal advice.
- GOV-00061636: Defendants may leave redacted the last sentence of the email from Matthew S. Gabe on page 4, which contains legal advice. Defendants may leave redacted the last sentence of the email from Matthew S. Gabe on page 5, which also contains legal advice.
- GOV-00061655: Defendants may leave redacted the email from Shilpa Khagram on page 3, which contains legal advice. Defendants may leave redacted the last sentence of the email from Shilpa Khagram on page 1, which contains legal advice.
- GOV-00061699: Defendants may leave redacted the last sentence of the email from Matthew S. Gabe on page 5, which contains legal advice.
- GOV-00062035: Defendants may not redact any portion of this document.
- GOV-00062158: Defendants may not redact any portion of this document.
- GOV-00061707: Defendants may not redact any portion of this document.
- GOV-00061659: Defendants may leave redacted the last sentence of the email from Shilpa

[1] The Court notes that the BATES number listed on GOV-00056149 is different from the one listed in the privilege log.

Khagram on page 4, which contains legal advice. Defendants may leave redacted the last sentence of the email from Shilpa Khagram on page 2, which also contains legal advice. The remaining content of these communications, which largely center on lists of noncitizens to arrest, does not constitute legal advice. Although the lists sometimes come from OPLA attorneys, there is no discussion of the legal risks or issues associated with arresting noncitizens. Nothing about the communications suggests that procuring legal advice was a primary purpose of the communication. Defendants have therefore improperly withheld GOV-00059900, GOV-00061636, GOV-00061655, GOV-00061659, GOV-00061699, GOV-00062035, GOV-00062158, and GOV-00061707, and plaintiffs' request to compel production of those documents, subject to the limitations noted above, is granted.

**II. Documents for Which Defendants Assert the Deliberative Process Privilege**

Plaintiffs seek production of various documents for which defendants assert the deliberative process privilege. The deliberative process privilege "protects 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Karnoski v. Trump*, 926 F.3d 1180, 1203 (9th Cir. 2019) (quoting *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001)). And "[f]or the deliberative process privilege to apply, the material must be 'predecisional' and 'deliberative.'" *Id.* at 1204 (quoting *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997)).

The Ninth Circuit has "held that '[a] litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure.'" *Id.* at 1206 (quoting *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984)). The court "balance[s] four factors in determining whether this exception to the deliberative process privilege is met: '1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions.'" *Id.* (quoting *Warner*, 742 F.2d at 1161). To support their assertions of the deliberative process privilege, plaintiffs provided a declaration from Samuel J. Olson, Acting Deputy Executive

United States District Court
Northern District of California

Associate Director for Enforcement and Removal Operations (ERO) at ICE. *See* Dkt. No. 168. Following *in camera* review of the documents, the Court makes the following determinations:

GOV-00125728 and GOV-00052185 include emails discussing various data targets for the agency and a memorandum. Balancing the *Warner* factors, the Court concludes that the information is relevant, does not appear to be otherwise available to plaintiffs, and "[t]he evidence sought is primarily, if not exclusively, under [d]efendants' control, and the government—the Executive—is a party to and the focus of the litigation." *Karnoski*, 926 F.3d at 1206. To be sure, the government has an interest in "full and frank communication," *id.*, but that interest in this instance does not outweigh the other three factors that balance in favor of plaintiffs. As a result, defendants have improperly withheld the documents, and plaintiffs' request to compel production of GOV-00125728 and GOV-00052185 is granted.

GOV-00052009 and GOV-00124257 contain no non-deliberative content, and each document is subject to the deliberative process privilege. To the extent that any relevant information is contained in the documents, it is reasonably available to plaintiffs from other sources. The government's interest in "full and frank communication," *Karnoski*, 926 F.3d at 1206, outweighs any interest the plaintiffs have in the information contained in the documents. As a result, plaintiffs have not overcome the deliberative process privilege, and defendants have properly withheld GOV-00052009 and GOV-00124257.

GOV-00143720 and GOV-00125026 are only marginally relevant to the limited purposes for which the Court authorized discovery in this matter, and any relevant information therein is reasonably available to plaintiffs from other sources. As a result, plaintiffs have not overcome the deliberative process privilege, and defendants have properly withheld GOV-00143720 and GOV-00125026.

GOV-00139378, GOV-00139379, and GOV-00124551 are not relevant to the limited purposes for which the Court authorized discovery in this matter. As a result, plaintiffs have not overcome the deliberative process privilege, and defendants have properly withheld these documents.

GOV-00028989, GOV-00124995, GOV-00145807, GOV-00145708, and GOV-00145709

are not protected by the deliberative process privilege because they do not "'reflect[] advisory opinions, recommendations [or] deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Karnoski*, 926 F.3d at 1203 (quoting *Klamath Water Users Protective Ass'n*, 532 U.S. at 8). The documents do not appear to reflect any opinion, recommendation, or deliberation towards any particular policy or governmental decision. Accordingly, plaintiffs' request to compel production of GOV-00028989, GOV-00124995, GOV-00145807, GOV-00145708, and GOV-00145709 is granted.

GOV-00054694 includes emails discussing data. The document is not protected by the deliberative process privilege because it does not "'reflect[] advisory opinions, recommendations [or] deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Karnoski*, 926 F.3d at 1203 (quoting *Klamath Water Users Protective Ass'n*, 532 U.S. at 8). The discussion does not reflect any effort to formulate a governmental decision or policy but instead is merely a discussion of data. The attorney client privilege, which defendants also assert protects this document from production, likewise does not apply because neither the recipients nor senders of the emails sought to "give or receive legal advice, as opposed to business or [other non-legal] advice." *Greer*, 127 F.4th at 1224 (quoting *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021)). Accordingly, plaintiffs' request to compel production of GOV-00054694 is granted.

**III. Document for Which Defendants Assert the Law Enforcement Privilege**

Plaintiffs seek production of one document for which defendants assert the law enforcement privilege, GOV-00127089. The law enforcement privilege is "[t]he federal privilege applicable to the government interest in preserving confidentiality of law enforcement." *United States v. Ellis*, 13-CR-00818-PJH(DMR), 2017 WL 1164172, at *3 (N.D. Cal. Mar. 29, 2017) (*quoting Deocampo v. City of Vallejo*, Civ. No. S-06-1283 WBS GGH, 2007 WL 1589541, at *4 (E.D. Cal. June 1, 2007)). "The purpose of the qualified privilege is 'to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.'" *Id.* (quoting *In re*

*Dep't of Investigation of City of N.Y.*, 856 F.2d 481, 484 (2d Cir. 1988)).

"The party asserting the [law enforcement] privilege must make a 'substantial threshold showing.'" *Id.* (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995)). And "[i]n order to fulfill this requirement, the party opposing disclosure must submit a declaration or affidavit from a 'responsible official with personal knowledge of the matters to be attested to in the affidavit.'" *Id.* (quoting *Soto*, 162 F.R.D. at 613). The affidavit must include:

> 1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made.

*Id.* (quoting *Kelly v. City of San Jose*, 114 F.R.D. 653, 670 (N.D. Cal. 1987)).

Following *in camera review* of GOV-00127089, the Court concludes that the law enforcement privilege does not apply to the document. To support their assertion of privilege, defendants provided a declaration from Samuel J. Olson, Acting Deputy Executive Associate Director for ERO at ICE. *See* Olson Decl. at ¶ 29, Dkt. No. 168. But the document does not reveal any plans for potential enforcement actions nor does it reveal any law enforcement techniques or implicate the protection or privacy interests of law enforcement personnel, witnesses, or investigations. Instead, the document contains communications about whether particular scenarios might be lawful. Although the document might have been an appropriate candidate for an assertion of the attorney client privilege, defendants do not make any such assertion. *See generally* Dkt. No. 168. Accordingly, plaintiffs' request to compel production of GOV-00127089 is granted.

## IV. Documents for Which Defendants Assert the Presidential Communications Privilege

Plaintiffs seek production of various documents for which defendants assert the presidential communications privilege. The presidential communications privilege "protects 'communications directly involving and documents actually viewed by the President,' as well as documents 'solicited and received' by the President or his 'immediate White House advisers [with] ... broad and significant responsibility for investigating and formulating the advice to be

given the President.'" *Karnoski*, 926 F.3d at 1203 (alteration in original) (quoting *Jud. Watch, Inc. v. Dep't of Just.*, 365 F.3d 1108, 1114 (D.C. Cir. 2004)). The Court ordered the parties to submit privilege logs to aid the Court in assessing whether defendants' assertions of the presidential communications privilege are warranted. After reviewing the privilege logs, the Court is unable to determine whether defendants' assertions of the presidential communications privilege are warranted without reviewing the documents themselves. Accordingly, the Court concludes that *in camera* review is necessary.

* * *

For the foregoing reasons, the Court orders the following:

1. By October 9, 2026, defendants must produce to plaintiffs GOV-00054103, GOV-00054662, GOV-00054666, GOV-00054678, GOV-00054680, GOV-00056139, GOV-00062035, GOV-00062158, GOV-00061707, GOV-00126608, GOV-00146465, GOV-00126563, and GOV-00126600, which were improperly withheld under the attorney client privilege.
2. By October 9, 2026, defendants must produce to plaintiffs an unredacted version of GOV-00059900, except that the second paragraph of page 2 may remain redacted.
3. By October 9, 2026, defendants must produce to plaintiffs an unredacted version of GOV-00061636, except that defendants may leave redacted the last sentence of the email from Matthew S. Gabe on page 4 and the last sentence of the email from Matthew S. Gabe on page 5.
4. By October 9, 2026, defendants must produce to plaintiffs an unredacted version of GOV-00061655, except that defendants may leave redacted the email from Shilpa Khagram on page 3 and the last sentence of the email from Shilpa Khagram on page 1.
5. By October 9, 2026, defendants must produce to plaintiffs GOV-00061659, except that defendants may leave redacted the email from Shilpa Khagram on page 4.
6. By October 9, 2026, defendants must produce to plaintiffs GOV-00061699, except that defendants may leave redacted the last sentence of the email from Matthew S. Gabe on page 5.

7. By October 9, 2026, defendants must produce to plaintiffs GOV-00061659, except that defendants may leave redacted the last sentence of the email from Shilpa Khagram on page 4 and last sentence of the email from Shilpa Khagram on page 2.
8. By October 9, 2026, defendants must produce to plaintiffs GOV-00028989, GOV-00124995, GOV-00054694, GOV-00125728, GOV-00052185, GOV-00145807, GOV-00145708, and GOV-00145709, which were improperly withheld under the deliberative process privilege.
9. By October 9, 2026, defendants must produce to plaintiffs GOV-00127089, which was improperly withheld under the law enforcement privilege.
10. By October 9, 2026, defendants must provide the Court with two copies—one unredacted copy and one redacted copy—of the documents identified in Appendix D, Dkt. No. 168, for which they assert the presidential communications privilege.
11. By October 9, 2026, defendants must transmit to the Court for *in camera* review the following documents, which were omitted from defendants' prior transmission of documents to the Court for *in camera* review: GOV-00139700, GOV-00055346, GOV-00057304, GOV-00057424, and GOV-00054670.

**IT IS SO ORDERED.**

Dated: October 5, 2026

P. Casey Pitts
United States District Judge