NANCY N. SAFAVI (TXBN 24042342)
Senior Trial Attorney
P.O. Box 878
Ben Franklin Station
Washington, DC 2004400878
Telephone: (202) 514-9875
Nancy.Safavi@usdoj.gov
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRESCIA GARRO PINCHI, et al.,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; et al.,<br><br>Defendants. | CASE NO. 5:25-cv-5632-PCP<br><br>**NOTICE RE: PLAINTIFFS' "ADMINISTRATIVE" MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD (ECF No. 179)**<br><br>Judge: Hon. P. Casey Pitts |

On September 25, 2026, contemporaneous with their motion for summary judgment, Plaintiffs filed a motion to supplement the administrative record. ECF No. 179. While Plaintiffs' motion does not list the documents they contend should be part of the administrative record, Plaintiffs communicated to Defendants on September 25, 2026 that they seek to supplement the record with three categories of documents: (1) the exhibits submitted in support of Plaintiffs' motion to stay (ECF No. 48), (2) a portion of the transcript from the December 9, 2025 hearing, and (3) documents the government produced in the extra-record discovery the Court ordered. ECF No. 179-1. Plaintiffs styled their motion as an "administrative motion" under Local Rule 7-11.

Defendants hereby provide notice of their position that Plaintiffs' motion is not properly an "administrative motion" under Local Rule 7-11 but rather a motion governed by the rules for ordinary motions. *See* L.R. 7-1. Therefore, Defendants intend to file their opposition by October 9, 2026. *See* L.R. 7-3.

Plaintiffs' motion is substantive in nature and improperly styled as an administrative motion. Their motion to supplement is governed by the Administrative Procedure Act, "a federal statute", and a large body of case law governing the supplementation of an administrative record. *See* L.R. 7-11 (describing administrative motions as, *inter alia,* those not otherwise governed by "federal statute"). Indeed, despite their current position, Plaintiffs have already conceded that motions to supplement the record are not "administrative" because their original motion seeking supplementation of the record was not styled as such. ECF No. 118. Moreover, both the rule's text and the brief, 4-day deadline for such motions make clear that Local Rule 7-11 was not meant to govern motions that have a tendency to affect the outcome of the litigation such as this motion to supplement. The rule is clearly for non-substantive, procedural motions which this motion is not.

This motion was also an unfair surprise to Defendants. Plaintiffs have not previously sought to supplement the administrative record with the transcript nor their exhibits submitted in support of their motion to stay. In fact, Plaintiffs opposed Defendants' request to conduct bilateral discovery, indicating that they intended to rely solely on the administrative record as supplemented and/or completed by the extra-record discovery. Additionally, Plaintiffs did not inform Defendants of the documents with which they intended to supplement the record until September 25, 2025—the same day they filed the motion. ECF No. 179-1.

Accordingly, Defendants provide notice that they will respond to Plaintiffs' motion on October 9, 2026. Defendants intend to oppose Plaintiffs' motion to the extent it seeks to supplement the administrative record with any documents that were not originally included in the certified administrative record or produced by the government in the extra-record discovery ordered by this Court. Defendants do not oppose Plaintiffs request to supplement the record with the documents produced by Defendants in extra-record discovery because those documents are already properly part of the administrative record as documents produced through the extra-record discovery process.[1]

DATED: October 7, 2026 Respectfully Submitted,

[1] Consistent with their prior arguments regarding the administrative record. Defendants do not concede that extra-record discovery was appropriate. *See* ECF No. 125.

*s/ Nancy N. Safavi*
NANCY N. SAFAVI
Senior Trial Attorney
TXBN 24042342
Office of Immigration Litigation
Department of Justice, Civil Division

*Attorneys for Defendants*